STATE *ex rel.* BROWN *v.* McCANLESS, COMMISSIONER OF FINANCE AND TAXATION.

*(Nashville,* December Term, 1945.)

Opinion filed June 29, 1946.

Tom Ed Murray and J. P. Buchanan, both of Nashville, and Fred Elledge, Jr., of Woodbury, for appellant.

C. W. Tuley, Assistant Attorney-General, for appellee, McCanless, Com'r.

Mr. Special Justice Pride Tomlinson delivered the opinion of the Court.*

---

*Sitting for Chief Justice Grafton Green.

The relator Brown seeks a *mandamus* to compel the Commissioner of Finance and Taxation of this State to issue him a license to operate a retail intoxicating liquor store at 1608-1610 Jefferson Street in Nashville. This place is located on the north side of that street. Relator has done all things required of him as a condition precedent to the procuring of such a license.

The circuit judge after a hearing discharged the alternative writ of *mandamus* and dismissed the petition. Relator appeals in error to this Court and insists that the commissioner acted arbitrarily and illegally in refusing to issue the license and that the circuit judge erred in holding to the contrary.

It appears from the undisputed evidence that the entrance door of the proposed liquor store is 403 feet from the nearest point of the campus of Fisk University when measured in a direct line, the University being on the south side of Jefferson Street, or 442 feet when measured by following the sidewalk and then crossing the street at the intersection and then continuing by sidewalk to this nearest point of the Fisk University campus. By traveling along the sidewalk and crossing at such intersections, it is about 700 feet from this door of this proposed liquor store to the nearest entrance to this campus. On this campus are located dormitories for the boarding students of the University, and it has more than five hundred (500) students enrolled.

Section 2 of the City of Nashville Ordinance No. 1220 forbids the maintenance of a liquor store within 600 feet "of a school ground or college campus".

Relator insists that the practice of city officials in ascertaining whether a proposed liquor store is within 600 feet of a college campus is to commence the measurement at the entrance door of the proposed liquor store and

follow the course which pedestrians usually travel along the sidewalks and across the street until they reach that point on the campus where its entrance gate is located, without regard to whether any other point of the campus is closer to the door of the proposed liquor store. By this method of measurement, it is 700 feet from the door of the proposed liquor store in the instant case to the entrance gate of Fisk University. Relator, therefore, insists that his proposed location does not come within the distance prohibited by the ordinance, and that the commissioner of finance and taxation should have issued the license. The city officials have apparently approved this method of measurement in applying the ordinance, notwithstanding the fact that the language of the ordinance forbidding such a store within, (and we now quote from the Ordinance) ''200 yards of a school ground or college campus''.

It is also insisted by relator that in as much as Section 1 of this Ordinance No. 1220 was so amended by an ordinance enacted in August, 1945, as to permit the operation of a liquor store at this particular location, therefore, Section 2 of Ordinance No. 1220 forbidding such a store within 600 feet of a school campus does not apply in this particular case. Ordinance No. 1220 was enacted in 1939. Section 1 forbade the retail sale of intoxicating liquors in the City except within specified areas. Having thus prescribed by Section 1 the only areas in which liquors might be sold at retail, this 1939 Ordinance by its Section 2 prohibited such sale within 600 feet of a school ground or college campus. Then in August, 1945, Ordinance No. 45—228 (commonly known as a ''Spot Ordinance'') amended Section 1 by providing that intoxicating liquors may be legally retailed at the location proposed by relator in this case. Section 2 was not referred to by the 1945

Ordinance. Relator, accordingly, contends that this amendment to Section 1 expressly authorizes the operation of such store at this location even if it is within 600 feet of Fisk University, notwithstanding the prohibition of Section 2, and that Section 2 of the Ordinance in so far as this particular proposed location is concerned was repealed by necessary implication.

We find it unnecessary to determine either of these insistences since the judgment of the circuit court must be affirmed without regard to what may be the correct decision on the two above stated insistences of relator.

The law permitting any retail sale of intoxicating liquors in this State is Chapter 49 of the Public Acts of 1939 and is commonly known as the Local Option Law. Sub-section (3) (b) of Section 4 of this statute provides: "The Commissioner shall have and exercise the following functions, duties and powers, to-wit: . . . (b) To make, promulgate, alter, amend, or repeal rules and regulations for the enforcement of this Act or the collection of all license fees and taxes, and all penalties and forfeitures relating thereto." It will be observed that the commissioner is not merely authorized by this provision to make and promulgate regulations with reference to the retail sale of intoxicating liquors; it is made his statutory official duty to do so.

Pursuant to the duty required of him by statute, the commissioner made and promulgated the following regulation: "No license shall be granted for the operation of any business covered by the Act when, in the opinion of the local official or official designated by statute, the carrying on of such business at the premises covered by the application would be in too close proximity of a church, school, or public institution or otherwise inimical to the public interest." By reference to the above quoted sub-

section of Section 4 of the statute it is seen that the commissioner is an "official designated by statute" to make and promulgate rules regulating the sale of intoxicating liquors.

In response to the application of relator for this license the Commissioner of Finance and Taxation by letter dated January 9, 1946, reaffirming the position taken in the letter of September 12, 1946 (application having been twice made), refused to issue the license saying: "In my opinion a retail store should not be licensed at 1608—C Jefferson Street because of the nearness of that location to the campus of Fisk University".

██ ██ This Court has often recognized the power of the commissioner under the above quoted statute to make reasonable rules regulating the issuance of licenses for the retail sale of intoxicating liquors, and has expressly held in *State ex rel. Nixon* v. *McCanless,* 176 Tenn. 352, 354, 141 S. W. (2d) 885, 886, as well as in other cases, that in determining whether the license applied for shall or not be issued these officials authorized to issue the license are "vested with a large discretion" which "will not be interfered with unless it clearly appears that they have acted arbitrarily or illegally." Arbitrary action is action "based alone upon one's will and not upon any course of reasoning and exercise of judgment." This Court, like many other courts, has often had occasion to call attention to the commonly known fact that the business of dealing in intoxicating liquors is subject to the most stringent regulation as (among other conditions) to places where it is conducted, if this traffic is to be at all kept in hand. *McCanless v. State ex rel. Hamm,* 181 Tenn. 308, 314, 181 S. W. (2d) 154, 153 A. L. R. 832; *McCanless, Com'r* v. *Klein,* 182 Tenn. 631, 639, 188 S. W. (2d) 745.

██ It is certain that a totally inappropriate place for 'sale of intoxicating liquors is at the entrance gate of a college or school campus. It is a following self evident truth that its sale must by regulation be kept at least some distance from such a campus in order not to be located too close thereto. What that distance should be in a given case undoubtedly calls for the exercise of a discretion on the part of those public officials upon whom is placed the duty and responsibility of regulating the sale of liquor. It may very well be that varying circumstances necessitate varying distances in various cases. The regulation made and promulgated by the commissioner forbidding a license to carry on this business at a place which in the opinion of the licensing official is too close to a school is accordingly a reasonable regulation, void of any element of that which is arbitary, and is very clearly in the interest of the health, safety and morals of the young men and women attending our colleges. In such a situation the courts of practically every jurisdiction have "permitted almost unlimited delegation of discretion in the making of legislative rules." *McQueen* v. *McCanless*, 182 Tenn. 453, 461, 187 S. W. (2d) 630, 633.

██ Nor is there any element of arbitrariness in the application by the commissioner of the regulation in the instant case. We have in this case a college wherein more than five hundred (500) young men and women are in regular attendance. Under that method of measurement of distance, as insisted upon by relator, the college campus is only 700 feet from the place where it is proposed to locate this liquor store. The refusal of the commissioner to issue a license to retail intoxicating liquors at such a place was certainly not an arbitrary act, nor in any sense can it be said to be unreasonable. Relator does not seriously insist to the contrary, but does

earnestly insist that this regulation of the commissioner was intended for application only by the mayor and city council and, therefore, the commissioner was without authority to act on the regulation which he himself had made and promulgated; that the State having granted Nashville the authority to license and regulate the sale of liquor the commissioner, therefore, could not legally withhold a license contrary to the regulating ordinance of the mayor and council. We cannot agree with this insistence of counsel. The statute vested the commissioner with the authority to issue liquor licenses and to make reasonable regulations governing the issuance thereof. The fact that the legislature likewise granted authority to the municipality to regulate the sale of liquor within its boundaries does not deprive the commissioner of his statutory power or relieve him of his statutory duty expressly imposed by statute to make reasonable regulations governing the issuance or withholding of the license which he, the commissioner, is empowered to issue. The legislature did not intend to subordinate the statutory authority of the commissioner of finance and taxation to the varying wishes of varying' boards of mayor and aldermen. If there is a conflict between the municipal (mayor and' aldermen) and State (commissioner) regulations, that imposed by the latter would prevail, since by Chapter 49 of the Public Acts of 1939 the final authority to license the sale of intoxicating liquor is in the commissioner. Action of the municipal authority is advisory merely. *State ex rel. Park* v. *Beasley,* 182 Tenn. 523, 527, 188 S. W. (2d) 333.

We, therefore, hold that the action of the commissioner of finance and taxation in refusing to issue the proposed license was neither illegal nor arbitrary. In the view which we thus take of the case, it is, as before observed,

unnecessary to pass upon the insistences made by relator with reference to the construction to be placed upon the city ordinance as amended or as to the method of measurement of distances proper under the ordinance of the city.

The judgment of the circuit court is affirmed. The relator, appellant-in-error, and the surety on his bond will pay all costs of appeal.

CHAMBLISS, J., did not participate.