TERRY *v.* EVANS, COMMISSIONER OF FINANCE AND TAXATION.

(*Nashville*, December Term, 1949.)

Opinion filed December 17, 1949.

WALKER & HOOKER, TYREE B. HARRIS, III, all of Nashville, for plaintiff in error.

ROY H. BEELER, Attorney General, and HENRY C. FOUTCH and ALLISON B. HUMPHREYS, JR., Assistant Attorneys General, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This case involves the revocation of the license of a liquor dealer in the City of Nashville. The Circuit Court of Davidson County sustained the action of the Commissioner of Finance and Taxation in revoking the license. Petitioner operated what was known as the White Front Liquor Store in Nashville, located at 812 Eighth Avenue, South.

The show cause order recited that petitioner had violated Section 11, subsection 7, of Chapter 49, Public

Acts of 1939, as amended, Code, Section 6648.14(7). Said subsection reads, in part, as follows: "No wholesale or retail store shall be located except on the ground floor and shall have one main entrance opening on a public street and such place of business shall have no other entrance for use by the public except as hereafter provided."

It appears from the record that on the back side of petitioner's liquor store there was a small opening about two feet square, which is referred to as a "chute". The sale of the whiskey involved in the present case, the purchase price of which was $2,900, was purchased by a man from Knox County, which is a dry county. Petitioner did not testify at the hearing before the Commissioner.

The determinative question presented here is whether the aperture or opening in the back of this liquor store operated by petitioner, where deliveries were made, amounts to an entrance. The purpose of permitting only one entrance to retail liquor stores, except in certain specified instances, is to make the sale of whiskey open and public. In the eyes of the law, this opening in the back of petitioner's store was as much an entrance as if it had been a regular doorway, as the record shows that deliveries of whiskey in large quantities were made from this opening or "chute".

We are of opinion that the subsection above quoted was violated by petitioner and constitutes sufficient ground for the revocation of his license.

Petitioner insists that Section 14, subsection 8, of Chapter 49, Public Acts of 1939, as amended, Code Section 6648.17(8), is unconstitutional. This Section provides: "No revocation order issued by the commissioner shall

be superseded by the judgment of the circuit court reversing and superseding such revocation order but such revocation order shall remain in full force and effect until the final decision by the Supreme Court.''

After a full hearing, the special judge declared this provision of the Act unconstitutional, and thereupon the petition for a writ of *certiorari* and *supersedeas* was filed and presented to one of the Justices of this Court, who, on March 25, 1949, rendered a memorandum opinion overruling the holding of the special judge and held the provisions of the Act constitutional and remanded the case to the circuit court for a trial on its merits. The case was then heard on its merits, and the circuit court sustained the revocation order of the Commissioner.

In *McCanless, Com'r.,* v. *Klein,* 182 Tenn 631, 638-640, 188 S. W. 2d 745, 748, this Court said:

''It is difficult to conceive of a regulation of the sale and distribution of intoxicating liquor which could be said to be beyond the police powers of the State. Since the power of the State to prohibit such sales altogether is beyond question, no provision for its regulation is beyond the state's power. . . . . 'A license to sell liquor is not a contract by right of property but is merely a temporary permit to do that which would otherwise be unlawful.' Or, . . . 'is in the nature of a mere permit which creates no vested or property rights, and the traffic is at all times subject to the control of the State, . . . in the exercise of the police power.'

''Ordinary rules of construction of statutes and ordinances with respect to their reasonableness do not strictly apply. The legislature has unlimited powers of regulation and restriction of the liquor traffic and may delegate these powers, as has been done to the commissioner. His

exercise of such delegated discretion will not be lightly interfered with by the courts. It is a commonly accepted practice for the legislature, through its delegated agencies of government to establish restrictions upon sales of liquor as to territory, population, location, number of dealers, hours, and details of all kinds; all of these for the purpose of strict surveillance and control in order to minimize the evils inherent in the traffic and insure the collection of tax thereon. . . . 'It is everywhere now accepted that the business of dealing in intoxicating liquors is subject to the most stringent regulation as to places where it is conducted, persons who shall conduct it, and as to whether it shall be conducted at all.' "

In *State ex rel. Brown* v. *McCanless,* 184 Tenn. 83, 88, 195 S. W. 2d 619, 621, this Court said: "This Court, like many other courts, has often had occasion to call attention to the commonly known fact that the business of dealing in intoxicating liquors is subject to the most stringent regulation as (among other conditions) to places where it is conducted, if this traffic is to be at all kept in hand."

Article 6, Section 10, of the Constitution of Tennessee provides: "Judges or Justices of the inferior courts of Law and Equity, shall have power in all civil cases, to issue writs of *certiorari,* to remove any cause or the transcript of the record thereof, from any inferior jurisdiction into such court of law, on sufficient cause, supported by oath or affirmation."

It will be noted that no mention of the word *"supersedeas"* is made in the language above quoted.

The next constitutional provision to be considered is Article 6, Section 8, which reads as follows: "The Jurisdiction of the Circuit, Chancery, and other inferior courts,

shall be as now established by law, until changed by the Legislature.''

■■ In *Moore et ux* v. *Love,* 171 Tenn. 682, 692-693, 107 S. W. 2d 982, 985, this Court said:

''The Legislature is also directed or permitted to alter the jurisdiction of circuit, chancery, and other inferior courts (articles 6, Section 8, Constitution of 1870). . . .

''We are of the opinion that once the Legislature has established the courts it may alter the jurisdiction thereof under the Constitution and its proper interpretation . . .''

In *Jackson* v. *Nimmo,* 71 Tenn. 597, 608-609, this Court said: ''But the matter of their (courts') jurisdiction is not so fixed, nor was it so intended. This was to remain as then until changed by the Legislature. To what extent the jurisdiction thus left under control of the Legislature may be changed, we could not definitely determine. The existence, however, of these courts as parts of the judicial power of the government, is beyond the power of the Legislature to destroy. The courts are to be preserved intact, but what shall be the matter over which they shall exercise their powers subject to certain limitations involved in other clauses of the Constitution, is left to legislative discretion.''

We are of opinion that said subsection is a constitutional enactment and the assignments of error are, therefore, without merit. Affirmed.

TOMLINSON, J., not participating.