Boyd *et al. v.* Burmaster *et al.*

(*Knoxville,* September Term, 1951.)

Opinion filed February 9, 1952.

CLYDE W. KEY, of Knoxville, for complainants.

TAYLOR & BADGETT, of Knoxville, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a controversy over the licensing and operation of a liquor store in Oak Ridge in Anderson County. The cause was tried on bill and answer and the Chancellor found in favor of the defendants Burmaster and others. The complainant commissioners have appealed.

The ultimate question is whether the complainant commissioners have the final authority in determining whether an applicant shall have the privilege of selling liquor in Oak Ridge or whether the final authority is vested in the Commissioner of Finance and Taxation.

Chapter 49, Public Acts of 1939, authorized the sale of liquor in this state in counties voting for it by local option. This act is carried into the Code at Section 6648.4 et seq. This act has been amended several times but the amendment that affects this case was enacted by the legislature as Chapter 284, Public Acts of 1949 and particularly Section 5 of that act, Code Section

6648.12a, which amended Section 8, Chapter 49, Public Acts of 1939, Code Section 6648.11.

The provisions of Chapter 49, Public Acts of 1939, as amended by said Act of 1949 provides as follows: ,

"6648.12a. Certificate to be submitted with application for license; petition and hearing when applicant unable to obtain certificate.—Every applicant for a license under this act shall submit with his application a certificate signed by the county judge or chairman of the county court in which the licensed premises are to be located if outside the corporate limits of a municipality and outside of a civil district meeting the requirements set out in Section 5, subsection (6) hereof [Section 6648.8], or if the application be for a license within a civil district meeting the requirements set out in Section 5, subsection (6) hereof [Section 6648.8], a certificate signed by a majority of the three-member commission for the civil district in which the premises are to be located or if within a municipality from the mayor or a majority of the commission, city council, or legislative council, of said municipality by whatsoever name designated, or if said municipality has no mayor, from the highest executive of the municipality. Said certificate must state that the applicant or applicants, who are to be in actual charge of said business, are of good moral character and are personally known to the official or officials signing the certificate, and if a corporation, that the executive officers or those in control are of good moral character and personally known to the official or officials signing the certificate, or that such official or officials have made a careful investigation of the applicant's general character and from such investigation it is found to be good, and that in his opinion the applicant will refrain from a violation of this act, and is entitled to the license applied

for. The commissioner shall consider this certificate together with all other evidence which he may obtain by investigation or otherwise in determining whether said license shall be issued.

"Provided, that in those cases where the applicant is unable to obtain such certificate from the proper certifying official, if the applicant shall file with the commissioner together with his application a petition in duplicate stating that he has made application to said certifying official for said certificate and same has been wrongfully, illegally or arbitrarily refused and otherwise setting forth reasons under this act why he is entitled to such license notwithstanding the refusal aforesaid and wherein said refusal is wrongful, illegal or arbitrary, the commissioner shall hold a hearing to determine whether said license shall be issued. The commissioner shall give the applicant and the certifying official ten (10) days' notice of the time and place of said hearing, to be served in the same manner and within the same time as other notices of hearings prescribed herein and shall, at the same time, furnish the certifying official with a copy of the applicant's petition. The hearing shall be held as are other hearings provided for under this act. The commissioner shall make such order granting or refusing said license as, in his discretion, the entire record at such hearing shall justify and such order shall be effective from its date. Any party to said hearing may review said order by common-law writ of certiorari in the manner provided for review of all other orders under subsection (8) of Section 14 [Section 6648.17] of this act. (1949, ch. 284, Section 5)''

Section 4 of Chapter 52 of the Public Acts of 1951, in setting up the powers of the local commission for the Fourth Civil District of Anderson County provides:

"* * * said commission shall be vested with all the powers and duties with respect to the sale of alcoholic beverages within said district which may under State law be vested in the Mayor and/or Board of Aldermen of a municipality of the State * * *."

Chapter 52, Public Acts of 1951, undertook to give the Commissioners of the Fourth Civil District of Anderson County the powers of a local municipality to pass upon certificates of good moral character. It will be seen from the quotation from Chapter 52, Public Acts of 1951, that complainants as commissioners have no more power than is conferred upon a municipality.

It appears that the defendants applied to the Commissioners of the Fourth Civil District of Anderson County for a certificate of good moral character and were denied. Defendants insist that this denial was based upon a conspiracy by complainants as commissioners to monopolize the liquor business in Oak Ridge among themselves and their friends.

Under the provisions of Code Section 6648.12a, the defendants filed an application with the Commissioner of Finance and Taxation setting forth that they had been wrongfully, illegally and arbitrarily refused a certificate of good moral character and requested a hearing for a license. This hearing was granted and resulted in a determination by the Commissioner of Finance and Taxation that complainants were parties to an illegal conspiracy to monopolize the liquor business at Oak Ridge and thereupon, the Commissioner of Finance and Taxation granted these defendants a license.

From an examination of Code Section 6648.12a, it will be seen that decisions under Chapter 49, Public Acts of 1939, must be viewed in the light of such changes. See

*State ex rel. Harris* v. *Beasley, Mayor et al.,* 182 Tenn. 529, 188 S. W. (2d) 336.

Under Chapter 49, Public Acts of 1939, it was necessary to have such certificate of good moral character and unless the applicant had such a certificate, the Commissioner of Finance and Taxation was without authority to override this act on the part of the local authorities. Decisions of this Court prior to the enactment of Section 6648.12a are that the certificate of good moral character to be issued by local authorities was a condition precedent to the issuance of license by the Commissioner of Finance and Taxation. Evidently Section 6648.12a was enacted to meet these decisions. *State ex rel. Harris* v. *Beasley, Mayor et al.,* supra; *State ex rel. Park* v. *Beasley,* 182 Tenn. 523, 188 S. W. (2d) 333.

We have held that the exercise by the Commissioner of Finance and Taxation of delegated discretion in the regulation of liquor traffic will not be interfered with by the courts. *McCanless* v. *Klein,* 182 Tenn. 631, 188 S. W. (2d) 745; *Wise* v. *McCanless,* 183 Tenn. 107, 191 S. W. (2d) 169.

We are therefore of the opinion that Chapter 52, Public Acts of 1951, would not give complainant commissioners any more authority than is had by the various municipalities of the state. This being true, under said Code Section 6648.12a the Commissioner of Finance and Taxation had a right to conduct the hearing and to order the issuance of the license at the place designated in the application. In the present case, the Commissioner of Finance and Taxation went upon the ground and made the investigation, then held a hearing as provided for under Section 6648.12a and after hearing all the proof, determined that the local commissioners had acted illegally. Under the last quoted section of the Code, the

Commissioner of Finance and Taxation was within his authority when he ordered the issuance of the license as was done in this case.

The case of *State ex rel. Brown* v. *McCanless*, 184 Tenn. 83, 195 S. W. (2d) 619, has been commented on at the bar but the decision in that case is not applicable here for the reason that Chapter 284, Public Acts of 1949, was passed after the decision in that case.

It results that we find no error in the decree of the Chancellor and it must be affirmed.