SEAGRAM DISTILLERS COMPANY, a division of Joseph E. Seagram & Sons, Inc., Plaintiff-Appellee,

v.

Carl A. JONES et al.,
Defendants-Appellants.

Court of Appeals of Tennessee,
Middle Section.

Sept. 3, 1976.

Certiorari Denied by Supreme Court
Feb. 7, 1977.

Thomas Wardlaw Steele and Joel M. Leeman, Gullett, Steele, Sanford, Robinson & Merritt, Nashville, for plaintiff-appellee.

R. A. Ashley, Jr., Atty. Gen. of Tenn., William C. Koch, Jr., Asst. Atty. Gen. of Tenn., for appellant Tennessee Alcoholic Beverage Commission.

Daniel W. Oehmig, Chattanooga, for defendant-appellant Southern Distributors Corp.

Tyree B. Harris, Hooker, Keeble, Dodson & Harris, Nashville, for defendant-appellant Lipman Bros., Inc.

### OPINION

SHRIVER, Judge.

#### The Case

This is an appeal by the Tennessee Alcoholic Beverage Commission and other named defendants from the action of the Sixth Circuit Court of Davidson County, Tennessee, in granting a motion for summary judgment and entering an order holding that Rule No. 0100–3–13(7) of the Rules of the Tennessee Alcoholic Beverage Commission violates the due process clauses of the Federal and State Constitutions and, hence, is void.

#### The Pleadings and Proceedings Below

On March 7th, 1975, Seagram Distillers Company filed its "Original Complaint and Petition for Writ of Certiorari" in the Circuit Court of Davidson County, seeking a review of the decision of the Alcoholic Beverage Commission wherein the request of petitioner to transfer its distributorship of certain brands of vodka was denied. The petition also prayed for a declaratory judgment as to the rights of the parties.

Said complaint, in pertinent part, recites that on or about November 1, 1974 petitioner requested permission of the respondent Commission to transfer its distributorship of Wolfschmidt Vodka from Lipman Bros., Inc., in Nashville, Tennessee to the Tennessee Wine & Spirits Company in Nashville, and from Southern Distributors Corp., in Chattanooga, Tennessee, to Athens Distributing Company of Chattanooga.

It is averred that at its regular monthly meeting on January 10, 1975, held in Nashville, Tennessee, the Commission denied petitioner's request for the above mentioned transfers of distributorships and it is alleged that said action was erroneous and illegal in that:

(a) It was arbitrary and not supported by material evidence.

(b) The laws of Tennessee do not confer on the Commission power to require its permission for the transfer of a distributorship by a manufacturer from one distributor to another and its rules and regulations which require its permission to make such transfer is an illegal effort to exercise legislative power.

(c) The denial of petitioner's request violates petitioner's rights under the Fifth and Fourteenth Amendments to the Federal Constitution and Article 1, Section 8, and Article 11, Section 8, of the Constitution of Tennessee, the same being an unconstitutional interference with the right of petitioner to contract freely.

Under these circumstances it is alleged that petitioner is entitled to have a Court declare its rights in the premises and to have a declaratory judgment to the effect that the action of the respondent Commission is void and, further, that petitioner is entitled to an injunction restraining the Commission from attempting to interfere with petitioner's right to contract with such persons as it may choose.

On April 4, 1975 defendant, Lipman Bros., Inc. filed a motion to dismiss the petition for certiorari and a similar motion was filed by Southern Distributors Corporation.

On September 23, 1975, the Trial Judge held that the petition for certiorari should be dismissed. His Order states:

"The Court is of the opinion that the question raised by the complaint is properly before the Court in accordance with the prayer for a declaratory judgment. The writ of certiorari is unnecessary for consideration of all matters raised. The writ of certiorari is a discretionary writ and should not be issued unless necessary.

It is, therefore, ORDERED that the writ of certiorari is dismissed as improvidently granted. The cause is retained for consideration of a declaratory judgment.

It is further ORDERED that the record before the Commission be retained as evidence for the use of any party."

The Tennessee Alcoholic Beverage Commission, hereinafter referred to as the Commission, filed its answer on October 22, 1975. Thereafter, Lipman Bros. and Southern Distributors Corp. filed their answers and Lipman Bros. filed interrogatories directed to Seagram Distillers.

On January 2, 1976 Seagram Distillers filed a motion for summary judgment and, on January 5th, filed its answers to the interrogatories.

The motion for summary judgment, pursuant to Rule 56, Tennessee Rules of Civil Procedure, asserts that the ground for such motion is that there is no genuine issue as to any material fact in this cause and that it presents a pure question of law and, further, that petitioner, as a matter of law, is entitled to a judgment to the effect that the action of the Commission in refusing permission to transfer certain wholesale distributorships, as alleged in the complaint, is void as being in excess of the lawful powers of that administrative agency or, alternatively, that such action denies the plaintiff rights guaranteed under the Constitution of the United States and the State of Tennessee.

Certain affidavits were filed in support of the motion and interrogatories and responses thereto were filed.

After a hearing the Court entered the following order:

"Order on Motion for Summary Judgment

This cause came on to be heard upon plaintiff's motion for summary judgment 'to the effect that the action of the Alcoholic Beverage Commission in refusing to it permission to transfer certain wholesale distributorships, as alleged in the complaint . . . is void as being in excess of the lawful powers of that administrative agency or, alternatively, that such action denied to the plaintiff rights guaranteed under the Constitution of the United States and the State of Tennessee.'

The action involved was taken pursuant to a regulation which was stipulated by all parties to be in these words:

'(7) Approval Required to Transfer to Another Wholesaler.—No manufacturer, importer or other person shall be permitted to transfer a brand from one wholesale distributor to another without written approval of the Commission. Requests for approval of a transfer must be submitted in writing and a copy of said request must at the same time be sent to the wholesale distributor in whose name the brand is then requested.

After due consideration the Commission shall either approve or disapprove the transfer . . .'

If it be unclear, the above refers to the marketing of liquor and the word 'brand' refers to a particular brand of liquor.

The motion for summary judgment can only be granted if the above quoted regulation, read in conjunction with the statutes relating to liquor, is in violation of a Constitution on its face. The Court is of the opinion that the regulation does violate the due process clauses of both the Federal and State Constitutions.

A careful search of the statutes reveals no provision regulating the relationship

between manufacturer and wholesaler. Nothing is required of the relationship. No standards for sales, contracts, or dealings are stated.

. . . . .

The motion for summary judgment is granted.

It appears to the Court that the maintenance of the status quo will not cause any irreparable loss. It is, therefore, ORDERED that, for the full protection of rights of appeal, the plaintiff will make no change in its distributor relationship for a period of sixty (60) days.

This decision is based upon the statutes, the stipulated regulation and principles of law. Therefore, an appeal is granted to the Supreme Court upon proper bonds being filed.

Enter this 12th day of January, 1976.

/s/ James M. Swiggart

JUDGE"

Motions for a new trial were filed by the defendants and, pursuant to said motions, the order of the Court was amended by including in full the regulation of the Commission which is in question.

The order was further amended by providing that the Commission and its members be permanently enjoined from enforcing or attempting to enforce the foregoing regulation against plaintiff in connection with the transfers of distributorships complained of in the original petition.

### Assignments of Error

Appellants, Lipman Bros., Inc., and Southern Distributor Corp., each filed five assignments of error which are essentially identical. The Commission filed four assignments which are, in substance, the same as four of the assignments filed by the other appellants. These assignments will be discussed together.

*Assignment No. 1* by all three appellants is that the Court erred in failing to hold that the plaintiff is estopped to challenge the constitutionality of the Commission Rule 0100–3–.13(7) because of the Compa-

ny's repeated acceptance of the rule's benefit in the past.

In support of this assignment, appellants assert that one who accepts a statute by acquiescing in it after its passage, or by accepting benefits under it is estopped to deny its validity, citing and relying on *Waldauer v. Britton*, 172 Tenn. 649, 113 S.W.2d 1178 (1938), where the Court quoted with approval from Am.Jur. as follows:

"The general rule, supported by many authorities, is thus stated in 11 American Jurisprudence, 767:

'Estoppel is most frequently applied in cases involving constitutional law where persons, in some manner, partake of advantages under statutes. The rule is well settled that one who voluntarily proceeds under a statute and claims benefits thereby conferred will not be heard to question its constitutionality in order to avoid its burdens.' "

In 16 Am.Jur.2d, pp. 331–332, in discussing this question, it is said:

"Certainly such a person will not be allowed to retain his advantage or keep his consideration and then repudiate the act as unconstitutional. This principle applies also to questioning the rules or actions of state commissions.

From the foregoing discussion, the rule naturally develops that one who invokes the provisions of a law, in proceedings or otherwise, may be denied the right to question its constitutionality. Thus, one who brings a suit under a statute thereby concedes its validity."

It is also urged that the Alcoholic Beverage Commission is vested with broad powers to regulate alcoholic beverages, which powers are further broadened by the fact that ordinary rules of construction do not apply to statutes regulating intoxicating liquor, citing *McCanless v. Klein*, 182 Tenn. 631, 188 S.W.2d 745 (1944); *McQueen v. McCanless*, 182 Tenn. 453, 187 S.W.2d 630 (1944); and *Terry v. Evans*, 189 Tenn. 345, 225 S.W.2d 255 (1949).

It is argued that the record shows that the regulation in question has been in effect

for more than a quarter of a century and that as long ago as May, 1960, Seagram started switching distributors and on the last fourteen occasions prior to the matters involved in the case at bar changed its distributors of various alcoholic beverages and on each occasion the consent of the Commission, or its predecessor, the Commissioner of Finance and Taxation of Tennessee, was obtained for such transfers. The record also shows that over the past ten years Seagram has been sued on four occasions with respect to the transfer of distributorships.

It is argued that Seagram, after having acquiesced in the validity of the regulation for more than twenty-five years and having accepted its benefit for that period of time, cannot now attack the validity of the regulation.

On the other hand, counsel for appellee argue that the doctrine of estoppel does not affect the right of a party who has obeyed the mandatory provisions of an administrative regulation to contest the validity of that regulation in a subsequent Court proceeding. It is forcefully argued that the power or authority of the administrative agency either exists or does not exist and that such authority may not be conferred upon an agency by the conduct of the parties before it. See 2 Am.Jur.2d, Administrative Law, § 331; *East Ohio Gas Co. v. Federal Power Commission,* 84 U.S.App. D.C. 312, 173 F.2d 429 (1949), and *Union Electric Co. v. Federal Power Commission,* 8 Cir., 326 F.2d 535 (1964).

It is pointed out that the doctrine of estoppel is an equitable one to be ordinarily applied where one party misrepresents the facts or misleads another with resulting detriment to the party who is misled and a benefit to the other party. 28 Am.Jur.2d, Estoppel and Waiver, § 27.

■ Jurisdiction cannot be conferred upon a Court by the party before it. *Mayhew v. Mayhew,* 52 Tenn.App. 459, 376 S.W.2d 324 (1963); *James v. Kennedy,* 174 Tenn. 591, 129 S.W.2d 215 (1939).

It is pointed out by counsel that the argument of appellants, if followed to its logical conclusion, means that any party who is required by an apparently valid regulation of an administrative agency to take some particular action and chooses to obey that regulation, does so at his peril in that, after he has obeyed that regulation by taking the action it requires, he may not subsequently be heard to question its validity. This would seem to place a burden upon any party required to take some action by an administrative regulation to contest its validity through litigation prior to his first act of obedience, otherwise he would be permanently barred from taking such action and this is true even though his first act of obedience may not have adversely affected his interest.

■ It must be remembered that the fundamental principle of Administrative Law as we know it in Tennessee is that a person affected by the rulings or regulations of an administrative body must first present his case to that body and seek relief and then, if the decision of that agency is adverse to his interest, he has a right to seek a Court review of that decision.

In 2 Am.Jur.2d, Administrative Law, § 331, it is stated:

"An administrative agency cannot enlarge its own jurisdiction, nor can jurisdiction be conferred upon the agency by parties before it. Accordingly, it is held that deviations from any agency's statutorily established sphere of action cannot be upheld because based upon agreement, contract, or consent of the parties, nor can they be made effective by waiver or estoppel."

The rule is similarly stated in 73 C.J.S. Public Administrative Bodies and Procedure § 116, and in *East Ohio Gas Co. v. Federal Power Commission,* 84 U.S.App. D.C. 312, 173 F.2d 429 (1949).

As shedding some light on this question, see *Polk County v. State Board of Equalization,* Tenn.App. (1972), 484 S.W.2d 49, where this Court, speaking through Judge Todd, affirmed the Chancellor's decision to the extent that it invalidated the Board's

action and held that no waiver had taken place by the mere failure to raise this issue during the administrative proceedings.

As is pointed out in 28 Am.Jur.2d, Estoppel and Waiver, § 27, the doctrine of estoppel is based upon the grounds of public policy, fair dealing, good faith and justice and its purpose is to forbid one to speak against his own act, representations, or commitments to the injury of another who reasonably relied thereon and such an estoppel cannot arise against the party except when justice to the rights of others demands it.

In considering the case before us, the question of Seagram Distillers having accepted benefits under the questioned regulation provokes the inquiry as to the nature of the alleged benefits and we are unable to find in this record anything that would support the conclusion that Seagram did accept specific benefits under this regulation which, as an equitable proposition, would raise an estoppel as is contended by the appellants.

The benefits to the distributor of the questioned regulation are readily apparent but its restrictions on the producer are not shown to be beneficial to it.

As to *Waldauer v. Britton*, supra, hereinabove referred to and quoted from, the parties seeking relief in that case had clearly derived benefits from the statute which they were challenging and this benefit came in a very tangible form of pay received for their services, prestige, and other perquisites of office which they had enjoyed under the statute. Also, it is to be noted that in *Waldauer* the Court was concerned with a challenge to the validity of a statute enacted by the Legislature as opposed to an administrative regulation with which we are concerned in the case at bar.

Counsel for appellee in this connection make the following plausible argument:

"Stripped of excess verbiage and unsupported contentions about imaginary 'benefits', the appellants' so-called 'estoppel' argument amounts to nothing less than a claim that, if a firm has at some time abided by a purportedly valid regulation of an administrative agency and submitted an application to that agency to do something which, in the absence of such regulation, it would have had a clear right to do, and has received favorable action on that application, that firm may never be heard to question in Court the validity of such regulation."

On the whole, we are persuaded to believe that the doctrine of equitable estoppel should not be applied in the case at bar so as to prevent the plaintiff from seeking a declaration by the Court of its rights and duties with respect to the regulation in question. It results that Assignment No. 1 is overruled.

*Assignment No. 2* is:

"The Trial Judge erred by deciding the constitutional questions raised herein on Seagram Distillers' motion for summary judgment because all facts material to the resolution of these questions were not admitted or established."

While the foregoing assignment was included in those filed on behalf of Lipman Bros. and Southern Distributors Corp., counsel for those two appellants do not discuss this assignment in their briefs and arguments. Said assignment is discussed by the Attorney General on behalf of the Commission.

It is pointed out that since the summary judgment is not intended to be a substitute for the trial of disputed fact issues, the Trial Court's role in passing upon a motion for summary judgment is only to determine whether there are any material issues of fact to be tried.

It is argued by counsel for the Commission that the Trial Court was in error when he granted the motion for summary judgment because there existed genuine issues of material facts concerning the manner in which the Commission had applied its rule to Seagram Distillers. And, it is pointed out that many Courts, particularly the Federal Courts, treat summary judgments with great caution and it is argued by the Attorney General that the vagueness of the legal

theory forming the basis of Seagram Distillers' complaint together with the lack of certainty of the legal basis of the Trial Court's opinion both indicate that a summary judgment was not proper in this stage of the proceedings.

The Trial Judge found that there were no material issues of fact before the Court and we are inclined to agree with him. A careful examination of the pleadings and the affidavits as well as the interrogatories filed in the cause show clearly that there are no genuine issues of fact with respect to the application on the part of the plaintiff for a transfer of distributorships and the action of the Commission in denying the request. The action of the Trial Judge in holding the regulation was invalid is clearly stated by him in his decree as above quoted.

The State chose not to put on any proof by way of affidavit or otherwise which controverts or disputes any allegation or statement of fact in the petition and supporting affidavits.

Under Rule 56.05 it is said that an adverse party may not rest upon the mere allegations or denials of his pleading but his response by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

We find no error in the action of the Trial Judge in this respect; consequently, Assignment No. 2 is overruled.

 *Assignment No. 3* filed on behalf of *Lipman Bros.* and *Southern Distributors Corp.*, charges that the Court erred in holding as a matter of law that the regulation in question was unconstitutional as violative of the due process clauses of both the Federal and State Constitutions.

In the assignments filed on behalf of the *Commission, Assignment No. 3* is that the Trial Court erred by ruling that the Alcoholic Beverage Commission and its regulatory predecessors had no statutory basis upon which to promulgate Rule 0100–3–.13(7), and *Assignment No. 4* is that the Trial Court erred in holding that the rule violated the State and Federal Constitutions.

In the brief filed by the Attorney General on behalf of the Commission it is pointed out that a history of the State's method of regulating the purchase and sale of alcoholic beverages since the enactment of the Twenty-First Amendment is recounted in the case of *Chattanooga v. Tennessee Alcoholic Beverage Commission*, (Tenn.1975), 525 S.W.2d 470. In the opinion in said case by Mr. Justice Henry it is pointed out that when the Legislature legalized the sale of alcoholic beverages on a local option basis in 1939, the Commissioner of Finance and Taxation was given broad regulatory powers, including the power to promulgate and enforce rules and regulations. Under this authority, the Commissioner promulgated a number of rules, including the rule now designated as 0100–3–.13(7).

It is pointed out that the Court construed a related rule in 1945 in *McCanless v. Klein*, 182 Tenn. 631, 188 S.W.2d 745, and held that said rule as promulgated by the Commissioner was valid.

The regulation remains unchanged and was administered by the Commissioner until the creation of the Alcoholic Beverage Commission in 1963, whereupon, the Legislature transferred many of the Commissioner's duties with respect to alcoholic beverages to the Commission, including the power to promulgate rules.

In T.C.A. § 57–109(3)(d), et seq., the Legislature went farther and authorized the Commission to promulgate any and all of the regulations that had been in existence since 1939.

T.C.A. § 57–818 provides:

"The commission is hereby authorized to adopt and promulgate the present rules and regulations which are in existence pertaining to alcoholic beverages, and said commission may in its discretion alter, amend or repeal any of such parts of said rules and regulations as it deems necessary."

Thus it is seen that the Legislature gave implicit approval to the rules governing the purchase and sale of alcoholic beverages which had already been promulgated prior to 1963.

It appears that on November 30, 1964, the Commission repromulgated Regulation 13:70 which was designated as Rule 0100–3–.13(7).

In *Richardson v. Reese*, 165 Tenn. 661, 57 S.W.2d 797, 799 (1933), the Court specifically approved the delegation of rule-making authority by the Legislature to administrative agencies, pointing out that with the growing complexity of modern life and increased difficulty of administering the laws, the delegation of more and more power by the Legislature to administrative agencies has become necessary and has gained the approval of the Courts. Also see *Department of Public Welfare v. Natl. Help "U" Assn.*, 197 Tenn. 8, 270 S.W.2d 337 (1954); *Tasco Corp. v. Long*, 212 Tenn. 96, 368 S.W.2d 65 (1968) and other cases.

In *McCanless v. Klein*, supra, the validity of a very similar regulation was upheld. In said case the validity of a regulation promulgated by the Commissioner of Finance and Taxation concerning the distribution of liquor was involved, said regulation being as follows:

> "From and after the effective date of this regulation no wholesale liquor distributor shall add an additional brand to his stock without first securing the written approval of the Commissioner."

It will be seen that this regulation had substantially the same effect as does the regulation in question in the case at bar since it appears that there would be no practical difference in requiring Seagram Distillers to obtain permission to change distributors and in requiring new distributors to secure written permission of the Commission to add additional lines to their stock.

In an opinion by Justice Chambliss, the Court stated:

> "It is difficult to conceive of a regulation of the sale and distribution of intoxicating liquor which could be said to be beyond the police powers of the State. Since the power of the State to prohibit such sales altogether is beyond question, no provision for its regulation is beyond the State's power.
>
> . . . . .
>
> The Legislature has unlimited powers of regulation and restriction on the liquor traffic and may delegate these powers, as has been done to the Commissioner. His exercise of such delegated discretion will not be lightly interfered with by the Courts."

It is pointed out in the opinion that the regulation in question requires registration of all brands sold by a dealer and forbids sale or transfers to any dealer of any brand without such registration and the obtaining of a permit therefor and that it is easy to conceive that such provisions will help to keep track of the liquors distributed by tracing responsibility when necessary and in collecting taxes thereon. It is also pointed out that the regulation provides an additional means of identification so essential to efficient administration. See *Terry v. Evans*, 189 Tenn. 345, 225 S.W.2d 255.

We regard the foregoing authorities as being conclusive of the question raised by Assignment No. 3 by Lipman Bros. and Southern Distributors Corp., and Assignments Nos. 3 and 4 by the Commission, and these assignments are sustained.

*Lipman Bros. and Southern Distributors Corp. Assignment No. 4* is that the Court erred in holding as a matter of law that the authority of the Alcoholic Beverage Commission was not broad enough to permit it to adopt the regulation in question in its present form.

For reasons set forth hereinabove with reference to Assignment No. 3 of these appellants, this assignment is sustained.

*Lipman Bros. and Southern Distributors Corp.* Assignment No. 5 is that the Court erred in failing to stay the effect of its order in the event of an appeal until the appeal was finally disposed of in the Appellate Courts.

In view of the fact that on application Chief Justice Fones entered an order to the effect that the injunction permanently enjoining the Commission from enforcing the regulation at issue in this cause against the plaintiff in connection with the proposed transfer of distributorships is stayed until further orders of the Court, it becomes unnecessary to pass upon the foregoing assignment.

For the reasons hereinabove set forth, the judgment of the Trial Court is reversed and the cause is remanded for such other and further proceedings as may become necessary and proper in the premises.

REVERSED AND REMANDED.

TODD, J., concurs.

DROWOTA, J., not participating.