IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 14, 2005 Session

## PETER KEENAN and wife, JAN KEENAN, v. THE CITY OF KINGSTON, TENNESSEE and JIM PINKERTON (in his capacity as CITY MANAGER of CITY OF KINGSTON)

**Direct Appeal from the Circuit Court for Roane County**
**No. 13053      Hon. Russell Simmons, Jr., Circuit Judge**

**No. E2004-02728-COA-R3-CV  - FILED OCTOBER 21, 2005**

Petitioners' Writ of Certiorari was dismissed as being moot because petitioners had moved outside defendants' jurisdiction.  On appeal, we affirm and remand with instructions.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

Robin S. Kuykendall, Knoxville, Tennessee, for appellants.

Jon G. Roach, Knoxville, Tennessee, for appellee, Jim Pinkerton.

Jack H. McPherson, Jr., Kingston, Tennessee, for appellee, the City of Kingston.

## OPINION

In this action, petitioners filed a Petition for Writ of Certiorari and Supercedes in the Circuit Court of Roane County, alleging that the City of Kingston through its Manager in an administrative proceeding had determined that petitioners were in violation of a city ordinance dealing with the keeping of vicious dogs on their premises.  In their writ, they aver that the events in the complaint against them occurred before the enactment of the ordinance, and that the city had

exceeded its jurisdiction and acted illegally by applying the ordinance to their complaint rather than the previous ordinance. They further allege that they were damaged in that the value of their dogs as show dogs was harmed by the finding of viciousness, and that they had no other remedy for the same.

Before the Trial Court, the defendants filed a Motion for Summary Judgment, asserting that petitioners lacked standing, and that the issue was moot because petitioners no longer lived in the City of Kingston. The Trial Court then entered an Order, finding that there was no issue regarding the fact petitioners now lived outside of the City of Kingston, and this fact rendered the action moot under the doctrine of justiciability, and the petition was dismissed.

Petitioners raised several issues on appeal, but we conclude the dispositive issue is whether the Trial Court erred in holding the action was moot.

It is well-settled that a case may become moot where, "by a court decision, acts of parties, or other causes occurring after the commencement of the action the case has lost its controversial character". *McCanless v. Klein*, 188 S.W.2d 745 (Tenn. 1945). While there are exceptions to this rule where the issue only affects the rights and claims personal to the parties, the case should be dismissed if it has become moot. *McCanless*, at 747.

The common theme among these cases is that the case must remain justiciable throughout the entire course of the litigation, and that the "requirements for litigation to continue are essentially the same as the requirements for litigation to begin." *Pirtle v. Tennessee Bd. Of Paroles,* 2003 WL 724674 (Tenn. Ct. App. March 4, 2003). "The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief." *McIntyre v. Traughber,* 884 S.W.2d 134 (Tenn. Ct. App. 1994), at 137.

Determining whether a case is still justiciable is a question of law. *State ex rel. Adventist Health Care Systems/Sunbelt Health Care Corp. V. Nashville Memorial Hosp. Inc.,* 914 S.W.2d 903 (Tenn. Ct. App. 1995). In this case, there is no question that the action no longer presents a "genuine, existing controversy requiring the adjudication of presently existing rights" and no longer serves as a means to provide relief to the prevailing party. Petitioners have moved outside of the City of Kingston, and thus are no longer subject to the ordinance in question. According to the ordinance, the only recourse the City would have had against the petitioners if they had remained within the City limits would have been the requirements regarding how dogs are kept, and how many dogs could be kept at one residence, and insurance, signage, etc. The ordinance no longer has any application to petitioners, and the case involves only the private rights of the petitioners and does not affect the public interest or fit within any of the recognized exceptions to the mootness doctrine.

Petitioners insist the case is not moot, because the value of the dogs as show dogs was damaged by the finding of viciousness, and they have no other remedy for that injury. However, a finding of mootness removes the precedential value of the case and the lower court's Judgment is

not *res judicata* between the parties. *McIntyre,* at 138.

In this case, the Trial Court's dismissal of the action on appeal as moot and non-justiciable has the effect of vacating the judgment of the inferior tribunal (in this case the City Manager), removing its precedential value and also the effect of *res judicata* between the parties. On this authority the appropriate course of action is to remand to the Trial Court, and direct that Court to enter a Judgment dismissing the Writ, declaring the issue moot, and setting forth that all findings of the inferior tribunal are vacated and for nothing held.

Upon this determination, we find it unnecessary to address the remaining issues and remand with the cost of appeal assessed one-half to Peter and Jan Keenan, and one-half to the City of Kingston and Jim Pinkerton.

_____
HERSCHEL PICKENS FRANKS, P.J.