510

CITY OF LAKEWOOD, Tennessee, Appellant,

*v.*

TENNESSEE ALCOHOLIC BEVERAGE COMMISSION,
State of Tennessee, D. Payne, C. R. Payne, John R.
Payne, Jr., Raymond Johnson, Tony St. Charles, Jack
Ham and Helen S. Ham, Appellees.

410 S.W.2d 897.

(*Nashville,* December Term, 1966.)

Opinion filed January 13, 1967.

H. Philip Sadler and Thomas Wardlaw Steele, Nashville, for appellant.

George F. McCanless, Attorney General, and Henry C. Foutch, Assistant Attorney General, Nashville, for Tennessee Alcoholic Beverage Commission.

Hugh C. Howser, Nashville, for D. Payne, C. R. Payne, John R. Payne, Jr., Raymond Johnson & Tony St. Charles.

VINCENT FUQUA, Nashville, for Jack Ham and Helen S. Ham.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Circuit Court of Davidson County, Tennessee.

Prior to October 7, 1965, the appellees, D. Payne, C. R. Payne, John R. Payne, Jr., Raymond Johnson, Tony St. Charles, Jack Ham and Helen S. Ham, sought certificates of good moral character from the City Commissioners of Lakewood, Tennessee, for the purpose of obtaining a retail liquor license from the Tennessee Alcoholic Beverage Commission. Such certificate is a prerequisite to obtaining a license to sell alcoholic bever-

ages. The City Commission refused to grant the certificates of good moral character.

Thereafter, the aforementioned appellees filed petitions with the Tennessee Alcoholic Beverage Commission, requesting the issuance of the licenses by that body. The City of Lakewood objected to the issuance of the licenses and demanded a hearing before the full membership of the Tennessee Alcoholic Beverage Commission. Before the Commission, the City of Lakewood admitted that the appellees were, in fact, persons of good moral character. The City contended before the Commission that its refusal to grant the certificates of good moral character was justified because (1) the City of Lakewood had, in 1962, passed Ordinance 22 of the City of Lakewood, making it unlawful to sell or traffic in alcoholic beverages in the corporate limits (2) that there was insufficient full-time law enforcement in the City of Lakewood, and (3) that the proposed store locations were too near schools and churches.

The Commission found that the applicants were persons of good moral character. It further found that Ordinance 22 prohibiting the sale of liquor within the corporate limits of the City of Lakewood, Tennessee, is in conflict with the statewide county option law, T.C.A. sec. 57-111; that the proposed locations were not in too close proximity to a school or church, and that full-time law enforcement was available from the Davidson County Metropolitan Police Department. It was then ordered that the licenses to sell alcoholic beverages at retail at the locations proposed be granted.

The City of Lakewood then filed its petition for certiorari in the Circuit Court of Davidson County, Tennes-

see. That Court upheld the action of the Tennessee Alcoholic Beverage Commission, and entered the following decree and findings:

### *"DECREE*

This cause came on to be heard on this the 4th day of October, 1966 before the Honorable James M. Swiggart, Judge, upon the petition for the writs of certiorari and supersedeas filed by petitioner, City of Lakewood, for the purpose of reviewing an order of the Tennessee Alcoholic Beverage Commission. A writ of certiorari was authorized by fiat and the record, proceedings and exhibits before the Commission were transmitted to this Court, and thereafter the answers of the respondents, Tennessee Alcoholic Beverage Commission; D. Payne, C. R. Payne, John R. Payne, Jr., Raymond Johnson and Tony St. Charles; and Jack Ham and Helen S. Ham, were duly filed.

This cause was set for trial on October 4, 1966 and was heard by the Court upon the pleadings above referred to, the entire record in this cause and argument of counsel. Following the argument of counsel the Court made the following findings and opinion:

### *'FINDINGS OF THE COURT*

Gentlemen, the first point presented in argument of whether the Charter clause of the municipality of Lakewood authorizing it to pass Ordinances for the health, welfare and morals of the City, this Court feels that the same point was considered by it before, and is of the same opinion that the general law concerning alcoholic beverages must be read with this Charter provision, and that the Charter provision

permits the City of Lakewood to regulate alcoholic sales but not to prohibit.

I don't think there is any point at this time going into reasons for that which have been previously expressed.

Now, the point was made that the Board didn't consider points on which it might have exercised its discretion. I don't think this Court can look into that. I think this Court is here not to exercise any discretion of any Board, or to exercise any discretion that should have been exercised by a Board, but only to determine whether or not the Board violated the law in its exercise of discretion, and I find nothing in that argument that indicates that the Board acted illegally or arbitrarily. And the same thing would apply as to the question of whether or not a store was needed in that area. The statute does not make any public need or necessity or convenience one of the tests for the Board to consider. So when the Board doesn't consider such a test, I think we need go no further. There is no need to determine whether a Board should consider such. Of course, if a Board does issue an order based upon need and that should be challenged, that would present another question, but that is not here.

As to the point of the Section 57-142 subsection (1) of the Tennessee Code Annotated, the Court holds that in issuing the license or refusing to dismiss the application, that the Board did not act in violation of law. Even if this word 'business' should apply to any type business, the mere fact that a person then engaged in business should apply for a license

doesn't mean that he would have to give up his business to apply for a license. So the question could only be material after a license was issued, and after he then became a retailer. So I think that is an immaterial point at this stage of the proceedings. I am also of the opinion that the Legislature intended that to mean liquor business, rather than any type business. If you give it its broad definition of business, it doesn't even refer to a business for profit, but any occupation a person engages in could be a business. It might even preclude a stamp collector.

On the point of the measurements, the Court is of the opinion at this point that there was evidence before the Board sufficient that the Court cannot say that the Board acted illegally in issuing this license because of any discrepancy in measurements. As far as the record is concerned the Board could have accepted the testimony which is greater than the measurements it found, or rather that were reported by its own agent.

The Court does feel that it is improper for the Board to make an independent investigation without giving the parties an opportunity to question the investigators, but in this particular case feels that there was no violation of legal rights involved sufficient for this Court to act.

I think that answers all of the points raised, and the Court will direct an order dismissing the petition.'

The Court therefore holds that it has jurisdiction of this cause under Section 57-157 [57-127] Tennessee Code Annotated. The Court further holds that the

Commission had authority to review the action of the City of Lakewood in refusing to issue certificates of good moral character under Section 57-121, Tennessee Code Annotated. Petitioner in this Court admits the good moral character of respondents, and it therefore appears that the refusal to issue certificates of good moral character would be arbitrary and illegal unless there exists some other legal reason for refusing the certificate. For the reasons above stated, and based upon the entire record it appears that the decision of the Tennessee Alcoholic Beverage Commission was not illegal or arbitrary; and there was material evidence to support such findings and decision by the Commission.

It is, therefore, Ordered, Adjudged and Decreed that the order of the Tennessee Alcoholic Beverage Commission holding that the refusal of the Mayor and City Commissioners of the City of Lakewood, Tennessee to issue certificates of good moral character to D. Payne, C. R. Payne, John R. Payne, Jr., Raymond Johnson and Tony St. Charles and Jack Ham and Helen S. Ham, was illegal and arbitrary under Section 57-121, Tennessee Code Annotated, is not illegal or arbitrary and is supported by the evidence. It is further ordered that the petition for writs of certiorari and supersedeas are dismissed and the record sent to this Court be returned to said Commission and the Commission is ordered to issue license to the respondents as provided in the order of the Commission.''

Appeal has been timely perfected from that judgment. The assignments of error filed in this Court are as follows:

## "I.

The Circuit Court below erred in holding and decreeing that the action of the Tennessee Alcoholic Beverage Commission was not illegal or arbitrary for the reason that the Tennessee Alcoholic Beverage Commission had no power or authority to consider and pass upon the validity or constitutionality of the municipal ordinance of the City of Lakewood, Tennessee, prohibiting the sale of and trafficking in alcoholic beverages therein, and to declare the same invalid or unconstitutional, such function being the exercise of judicial power which is not and cannot be conferred upon said Commission. This was error because the decision of the Commission that said ordinance was invalid was without authority of law and was and is a nullity.

## II.

The Court erred in determining and decreeing that the Tennessee Alcoholic Beverage Commission did not act illegally and arbitrarily in admittedly conducting and extraprocedural investigation of distances and in receiving, relying upon and adopting such investigation as a material finding of fact without affording the appellant the opportunity to cross-examine the Commission's agents or offer evidence to refute the distances measured by them. This was error because such proceedings by the Commission deprived appellant of due process of law in the proceedings before the Commission and thereby constituted a flagrant violation of Article 1, Section 8, Constitution of Tennessee, and the Fifth and Fourteenth Amendments to the Constitution of the United States.

## III.

The Court erred in holding and decreeing that the Tennessee Alcoholic Beverage Commission did not act arbitrarily and illegally in that it adopted as a material finding of fact distances admittedly measured not in a straight line but as agents making such investigation walked from place to place.

## IV.

The Court erred in holding and decreeing that the ordinance of the City of Lakewood, Tennessee, prohibiting the sale of and trafficking in alcoholic beverages, was invalid and unconstitutional and that the Tennessee Alcoholic Beverage Commission did not act illegally and arbitrarily in so holding and determining. This was error because said ordinance constituted a valid and constitutional enactment of the City.

## V.

The Court erred in holding and decreeing that the Tennessee Alcoholic Beverage Commission did not act illegally and arbitrarily in dismissing appellant's petition for certiorari and supersedeas and in ordering the licenses to issue to the appellees Ham, et al, and Payne, et al.''

Assignment of Error I makes the contention that the Circuit Court erred in holding that the action of the Tennessee Alcoholic Beverage Commission was not arbitrary and/or illegal, in passing upon the validity of the municipal ordinance of the City of Lakewood prohibiting the sale of and trafficking in alcoholic beverages within the corporate limits of that City. In support

of this contention it is argued that the Tennessee Alcoholic Beverage Commission is an administrative body and, as such, cannot exercise judicial power. The point is that in finding Ordinance 22 of the City of Lakewood ineffective, the Tennessee Alcoholic Beverage Commission exercised a judicial function and that this was beyond its competency.

▮ T.C.A. sec. 57-121 authorizes the Tennessee Alcoholic Beverage Commission to review those cases where an applicant is denied a certificate of good moral character by municipal officials. The purpose of such review is to determine whether or not the certificate has been wrongfully, illegally, or arbitrarily refused. In the case at bar, the applicants asked for such review. The municipal officials, as their prime reasons for refusing to grant to the applicants the certificates, asserted the Ordinance in question. It is entirely clear, then, that the question of the effectiveness vel non of Ordinance 22 of the City of Lakewood was squarely presented to the Tennessee Alcoholic Beverage Commission—that is to say, whether or not such Ordinance was in conflict with State statute on identically the same subject matter. It might be noted at this point that this decision on the part of the Commission was subject to judicial review and, in the opinion of this Court, constituted merely a quasi judicial function. See 1 Am.Jur.2d 949, 968, 969 and 989 (Administrative Law, secs. 140, 167, 168 and 185).

In connection with this assignment of error the appellant cites, with heavy reliance, prior Tennessee decisions. *Pharr v. Nashville, C. & St. L. Ry.* (1948) 186 Tenn. 154, 208 S.W.2d 1013; *Nashville C. & St. L. Ry. v. Hannah* (1930) 160 Tenn. 586, 27 S.W.2d 1089, 70 A.L.R. 837, and *Little v. Carter County Board of Education* (1940) 24

Tenn.App. 465, 146 S.W.2d 144. These cases relied upon by the appellant all involve factual situations where the agency has exceeded its statutory grant of authority. While the opinions refer to the exercise of judicial authority, by administrative agency, the determinative issue in all of these cases is the agency's lack of authority under its statutory grant of power to exercise the authority questioned. In the case before this Court, there can be no doubt that the Legislature granted to the agency the authority to decide this question. This Court does not feel that the cases relied upon by the appellant are controlling. There are many Tennessee decisions recognizing the fact and approving the same, that administrative agencies, at times, function as quasi judicial bodies. See *Waldauer v. Britton* (1938) 172 Tenn. 649, 113 S.W.2d 1178, and *Hoover Mtr. Express Co. v. Railroad and Public Utilities Commission* (1953) 195 Tenn. 593, 261 S.W.2d 233.

■ Appellant's assignments of error II and III both argue that the trial court erred in affirming the findings of the Tennessee Alcoholic Beverage Commission as to the question of proximity of the proposed locations of the liquor stores to schools and churches. In support of these assignments of error, it is contended that the Commission acted illegally, arbitrarily and unconstitutionally in considering measurements obtained by it of distances of the proposed locations from schools and churches, by its own independent investigation. Such independent investigation appears to be authorized by the following language from T.C.A. sec. 57-121:

"The Commissioner shall consider this certificate together with all other evidence which he may obtain

by investigation or otherwise in determining whether such license shall be issued.''

■ This Court, in other cases, has recognized and relied upon independent investigation by the Commissioner. See *Boyd v. Burmaster* (1952) 193 Tenn. 338, 246 S.W.2d 36. In our view the authorities relied upon by the appellant in this connection are not apposite to the case at bar. In those cases, the rights of the interested persons were heard and determined in completely ''Star Chamber'' proceedings. No evidentiary basis of decision was made known to the interested individual. In the situation presented in these cases, the party interested was denied opportunity to present his evidence on the point which was the basis of decision against him. Even if this Court were of the opinion that the independent investigation in this record was improper, there is enough other and competent evidence contained in this record to support the finding of the Commission, concurred in by the trial court, that the proximity of the proposed liquor stores was not a sufficient basis to require the denial of the license. Situations which are identical in principle appear in the decisions of the United States Supreme Court in *Market Street R. Co. v. Railroad Commission* (1945) 324 U.S. 548, 65 S.Ct. 770, 89 L.Ed. 1171, and *United States v. Pierce Auto Frt. Lines* (1946) 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821.

■ Appellant's assignments of error IV and V make the point that the trial court erred in holding that the ordinance of the City of Lakewood prohibiting the sale of and trafficking in alcoholic beverages within its corporate limits was invalid. T.C.A. sec. 57-101 et seq. presents a comprehensive scheme of legislation regulating the manufacture and sale of alcoholic beverages in the State

of Tennessee. T.C.A. sec. 57-111 provids for a county-wide local option election to determine whether or not alcoholic beverages may be sold within the territorial limits of any county. Beyond the subject of certificates of good moral character and a degree of reasonable regulation, municipalities are not vested with any administrative or other function so far as licensing of retail liquor outlets is concerned.

■ ■ Retail sales within a county voting to allow the same are limited to municipalities with a population of 1,000 or more persons, or civil districts within said county having a population of 30,000 persons or over. Counties in a like manner, by local option, may prohibit the sale of alcoholic beverages within that county. It is our view that T.C.A. sec. 57-111, read together with the rest of Title 57 of Tennessee Code Annotated, evidences a clear legislative purpose that the sale of alcoholic beverages be permitted or prohibited on a countywide basis. Beyond any peradventure of doubt, any municipal ordinance in conflict with these statutes is ineffective. See *Farmer v. City of Nashville* (1913) 127 Tenn. 509, 156 S.W. 189, 45 L.R.A.,N.S. 240, *McKelley v. City of Murfreesboro* (1931) 162 Tenn. 304, 36 S.W.2d 99, and *City of Memphis v. Southern Ry. Co.* (1934) 167 Tenn. 181, 67 S.W.2d 552. Ordinance 22 of the City of Lakewood is such an ordinance, for it attempts to prohibit that which is expressly permitted by State statute.

Nothing in this opinion is intended to indicate that a municipality may not reasonably regulate the sale of intoxicating liquors within its municipal limits.

All of appellant's assignments of error are overruled. It necessarily follows that the judgment of the trial

court is affirmed, with costs of this appeal assessed against the appellants.

BURNETT, CHIEF JUSTICE, DYER and CHATTIN, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.