Ray J. GARRETT, Sr.,
Plaintiff-Appellee,

v.

STATE of Tennessee, DEPARTMENT
OF SAFETY, Defendant-Appellant.

Supreme Court of Tennessee,
at Nashville.

Sept. 22, 1986.

G. Nelson Forrester, Mary F. Bristow, Tullahoma, for plaintiff-appellee.

Wm. Barry Wood, Asst. Atty. Gen., W.J. Michael Cody, Atty. Gen., Nashville, for defendant-appellant.

## OPINION

BROCK, Chief Justice.

Ray J. Garrett, a farmer-trucker, purchased a truck in February 1979 for $11,500. On July 25, 1983, when members of the Motor Vehicle Enforcement Division stopped Mr. Garrett, a division investigator for the Tennessee Department of Safety examined the truck. During this inspection, the investigator discovered that the public vehicle inspection number was missing from the truck door where it normally should have been. Upon further examination, the investigator found an identification number stamped on the frame. Apparently this number had been altered by welding over an original number, grinding down the weld, and then stamping a new number on the smooth surface.

Because the identification number on the truck had been altered, the Department seized the vehicle pursuant to T.C.A., § 55–5–108(b)(1) (Supp.1985) which states: "Any property on which the ... vehicle identification number has been removed, defaced, covered, altered, destroyed or otherwise rendered unidentifiable is hereby declared to be contraband and subject to forfeiture to the state."

An administrative law judge from the Secretary of State's office conducted a hearing on the case on November 7, 1983, and on February 27, 1984—112 days after the hearing—the judge rendered an initial order upholding the forfeiture of the truck. Because this order was not filed within ninety days, Mr. Garrett appealed the decision to the Commissioner of Safety. The basis of Garrett's appeal was T.C.A., § 4–5–314(g) (1985) which states:

"A final order rendered pursuant to subsection (a) or initial order rendered pursuant to subsection (b) shall be rendered in writing within ninety (90) days after conclusion of the hearing or after submission of proposed findings in accordance with subsection (f) unless such period is waived or extended with the written consent of all parties or for good cause shown."

The Commissioner of Safety rejected Garrett's appeal and affirmed the decision of the administrative law judge. On appeal to the Chancery Court, the Chancellor held that in a confiscation proceeding, the law must be strictly followed. Since the decision of the administrative law judge had not been rendered within the ninety days required by § 4–5–314(g), the Chancellor concluded that the forfeiture could not stand. On appeal, the Court of Appeals affirmed the Chancellor's decision, emphasizing again that the law must be strictly followed in confiscation proceedings. Although this Court generally agrees with such enforcement, we cannot agree with the decisions reached by the courts below. Therefore, for reasons to be discussed, we reverse the holdings of the lower courts, and we reinstate the forfeiture order rendered on the truck pursuant to § 55–5–108(b)(1).

As we have stated in the past, forfeiture statutes are to be strictly construed because forfeitures are not favored in law. *See Wells v. McCanless*, 184 Tenn. 293, 198 S.W.2d 641, 643 (1947). Also, because forfeiture proceedings are *quasi criminal* in nature, we cannot ignore the presumption of innocence that attaches in our courts. Similarly, we cannot allow the taking of private property by forfeiture without sufficient proof of wrongdoing. *See Goldsmith v. Roberts*, 622 S.W.2d 438, 440 (Tenn.App.1981), *cert. denied* (Tenn.1981).

■ Although we are in agreement with the general rules stated above, we will not construe any statute, including a confiscation statute, so strictly that we negate the intentions of the legislators who passed the law. Although the legislative intent behind the ninety day requirement in T.C.A., § 4–5–314(g), is not clear, the general rule in this state is that statutory provisions relating to the time of doing an act to which the statute applies are directory rather than mandatory. *See Trapp v. McCormick*, 175 Tenn. 1, 130 S.W.2d 122, 125 (1939); *Big Fork Mining Co. v. Tennessee Water Quality Control Board*, 620 S.W.2d 515, 520 (Tenn.App.1981), *cert. denied* (Tenn.1981). This is especially true absent some showing of prejudice. *Id.* Thus, in cases like the present one where no prejudice has been shown, we can infer that the legislature intended for the ninety day provision to be directory in nature. Since the statute is directory rather than mandatory, violation of the ninety day rule does not nullify the forfeiture hearing or order.

■ Also expressive of legislative intent in forfeiture cases is the statute providing that only substantive errors constitute grounds for a reviewing court's reversal of an agency decision. This statute, T.C.A., § 4–5–322(i) (1985), states: "No agency decision pursuant to a hearing in a contested case shall be reversed, remanded, or modified by the reviewing court unless for errors which affect the merits of the decision complained of." In the present case, the ninety day provision in the forfeiture statute has no effect on the merits of the case. Since violation of the time limit does not touch on the merits of the case and since the violation has not prejudiced Mr. Garrett in any way, the courts below should have upheld the decisions of the administrative law judge and the Commissioner, in spite of the delayed forfeiture order. We therefore

reverse the decision of the Court of Appeals, and we reinstate the order requiring forfeiture of the truck to the state. *See G & B of Jacksonville, Inc. v. State Dept. of Business Regulation, Div. of Beverage,* 362 So.2d 951 (Fla.App.1978).

Our decision today is completely consistent with the recent holding of the United States Supreme Court in *United States v. Von Neumann,* —— U.S. ——, 106 S.Ct. 610, 88 L.Ed.2d 587 (1986). In that case, Von Neumann purchased a car in Switzerland and had it shipped to Canada where he picked it up. After he had picked up the car, Von Neumann drove it to the United States border where he failed to declare it to the customs officials. Because of this failure, customs seized the car, and Von Neumann filed a petition for administrative remission of the forfeiture. Although customs did not respond to the remission petition until thirty-six days after it was filed, the Court concluded that Von Neumann had not been deprived of his due process rights. In reaching this conclusion, the Court stated that the forfeiture proceeding without more, provided the required due procedure to protect Von Neumann's property interest in the car. *Id.* 106 S.Ct. at 614. Also, the Court found as significant the fact that Von Neumann had suffered no prejudice as a result of the thirty-six day delay.

Similarly, in the case at bar, the hearing before the administrative law judge protected Mr. Garrett's property interest in the truck. Also, Garrett apparently was not prejudiced by the delay of the decision rendered after that hearing. In a case such as this one, we see no reason to rigidly construe the ninety day rule. Instead, we rely on the harmless error provision set forth in § 4–5–322(i), *supra.* Since Mr. Garrett's rights have not been harmed by the twenty-two day delay of the forfeiture order, the decision of the Court of Appeals is reversed, and the forfeiture order is reinstated.

FONES, COOPER, HARBISON and DROWOTA, JJ., concur.