Jim JOHNSON d/b/a Lazy Jim's
Liquors, Plaintiff/Appellant,

v.

ALCOHOLIC BEVERAGE COMMIS-
SION, State of Tennessee, et al.,
Defendant/Appellee.

Court of Appeals of Tennessee,
Western Section, at Nashville.

Aug. 7, 1992.

Application for Permission to Appeal
Denied by Supreme Court
Nov. 23, 1992.

A. Benjamin Strand, Jr., Dandridge, for plaintiff/appellant.

Charles W. Burson, Atty. Gen. & Reporter Albert L. Partee, III, Asst. Atty. Gen., for defendant/appellee.

FARMER, Judge.

Plaintiff, Jim Johnson, d/b/a Lazy Jim's Liquors, appeals from the order of the trial court affirming the decision of the Tennessee Alcoholic Beverage Commission (ABC) to deny renewal of Plaintiff's liquor license.

In November 1990 Plaintiff filed an application with the ABC to renew his license to sell alcoholic beverages at his place of business on Highway 321 North in Gatlinburg, Sevier County, Tennessee. Pursuant to T.C.A. §§ 57–3–208 and 57–3–213, Plaintiff also filed an application with the City of Gatlinburg to renew his certificate of compliance to sell retail alcoholic beverages.

On December 19, 1990, Gatlinburg's city attorney wrote to Plaintiff informing him that the City Board of Commissioners had denied his application for a certificate of compliance. The letter stated that this denial was based upon the City's preexisting numbers limitation of six retail liquor licenses and noted that Plaintiff's business was previously granted the City's seventh license over the City's objection. As an additional basis for denial, the letter stated that Plaintiff's business was located approximately 100 feet from a church and, therefore, was in violation of City ordinance. On the same day, the City Attorney wrote to the ABC informing it of the City's action.

On January 8, 1991, Elyon H. Davis, Director of the ABC, wrote to Plaintiff and the City Attorney stating that the ABC had been advised of the City's denial of Plaintiff's application for a certificate of compliance and the bases of such denial. Noting that T.C.A. § 57–3–213 required that a certificate of compliance accompany Plaintiff's application for renewal, Mr. Davis' letter informed the City Attorney and Plaintiff that the matter would be brought before the ABC at its January 17, 1991, meeting. The letter further indicated that both the City and Plaintiff could be represented by counsel, who would be permitted to make oral arguments on behalf of their clients.

At its January meeting, the ABC granted Plaintiff's request for a continuance until he could obtain an attorney and the matter was continued for one month. The ABC met again on February 21, 1991, at which time both the City and Plaintiff were represented by counsel. The City reiterated the bases for its denial of Plaintiff's application for a certificate of compliance.

Plaintiff's counsel argued that Plaintiff was in fact in compliance with the City ordinance. Acknowledging that at one time he did hold the seventh certificate of compliance in the City, Plaintiff argued that, since he obtained the certificate, the City had granted two new certificates of compliance, making Plaintiff's certificate fifth in seniority. Plaintiff also argued that his proximity to a church did not violate the ordinance because the church moved to that location after Plaintiff opened his business.

The City maintained that the two later certificates of compliance were issued to individuals who acquired existing liquor stores and that a mere transfer of ownership was involved. The City also maintained that a previous certificate of compliance issued to Plaintiff in 1988 was granted in error.

The ABC Chairman moved that an administrative hearing be set to hear the mat-

ter, and the ABC passed the motion. The ABC subsequently notified Plaintiff and the City by mail that an administrative hearing had been scheduled for the purpose of determining if Plaintiff's license should be revoked by the ABC pursuant to T.C.A. §§ 57–3–208 and 57–3–213 because of the City's failure to issue a certificate of compliance to Plaintiff.

The City subsequently filed a petition to intervene in the matter, which petition was granted by the Administrative Law Judge (ALJ) set to hear the case. In its brief before the ABC, the City argued for the first time that Plaintiff's only means of obtaining review over the City's denial of Plaintiff's application for a certificate of compliance was by instituting an action in the Chancery Court for Sevier County within sixty (60) days of the denial as required by T.C.A. § 57–3–208(d). The ABC staff subsequently adopted this position in its brief.

Following the hearing, the ALJ ordered that Plaintiff's license be revoked and renewal application be denied based upon Plaintiff's failure to obtain the necessary certificate of compliance from the City. The ALJ concluded, *inter alia,* that T.C.A. § 57–3–208(d) required Plaintiff to seek review of the City's denial of the application for a certificate by instituting an action in the Chancery Court for Sevier County within sixty (60) days of the denial. Because Plaintiff failed to seek review within the allotted time, the City's action in denying the certificate was final and could not be reviewed by the ALJ or the ABC. The ALJ further determined that, because T.C.A. § 57–3–208(a) required Plaintiff to submit a certificate with his application to the ABC, Plaintiff did not meet the conditions necessary for the ABC's issuance of a retail liquor license.

Plaintiff subsequently appealed to the ABC, which heard Plaintiff's appeal and reviewed the initial order. The ABC ultimately adopted the initial order as the final order of the ABC.

Plaintiff timely filed a petition for review in the Chancery Court for Davidson Coun-ty. On appeal to this Court, Plaintiff raises the following issues for review:

1. That the [ABC] committed error and the trial court likewise committed error as a matter of law by finding that [Plaintiff's] license was revoked by failure to seek review of his denial of a certificate of compliance by the City of Gatlinburg by failing to file a proceeding to contest such a denial in the Chancery Court of Sevier County within sixty (60) days from such denial.

2. That the trial court erred in not finding that the [ABC] does have quasi-judicial powers under the Administrative Procedures Act (T.C.A. § 4–5–302 et seq. and in particular T.C.A. § 4–5–320) and that the [ABC] failed to exercise those powers.

3. That the trial court erred in not finding that [Plaintiff] had been denied due process as guaranteed to him by the United States Constitution under the due process clause of the fourteenth (14th) amendment when the City of Gatlinburg failed to notify [Plaintiff] of the hearing before the Gatlinburg City Commission when the Gatlinburg City Manager and City Attorney had already decided to recommend that [Plaintiff's] certificate of compliance not be renewed and the City Commission considered the recommendation without allowing [Plaintiff] to be present to present his objections to such recommendations.

4. That the trial court erred by failing to consider the City of Gatlinburg's failure to issue [Plaintiff's] certificate of compliance on the grounds that [Plaintiff] was the seventh (7th) licensee when in actuality he was the fifth (5th) licensee, therefore the City of Gatlinburg acted arbitrarily, capriciously and abused its discretion in failing to issue a certificate of compliance and the [ABC] and the trial court erred in failing to consider the actions of the City of Gatlinburg and ordering the issuance of the license.

5. That the trial court erred by failing to consider that the City of Gatlinburg was in error in finding that [Plaintiff] was located within 200 feet of a church when the church was built after [Plain-

tiff] had been granted his license and therefore acted arbitrarily, capriciously and illegally and abused [its] discretion and that the [ABC] was in error in failing to consider this issue in failing to issue [Plaintiff's] license.

6. That the trial court erred by failing to consider that the City of Gatlinburg and the [ABC] were estopped from denying the certificate of compliance when the City of Gatlinburg had previously granted a certificate of compliance to [Plaintiff] in October of 1988 and the [ABC] granting a license in 1988 on the basis of such certificate of compliance.

7. That the trial court erred by failing to follow the proper judicial review as required by the Administrative Procedure Act (T.C.A. § 4–5–322[h]) in that the actions of the City of Gatlinburg violated the constitutional rights of [Plaintiff], the [ABC has] failed to follow the general statutes of the State of Tennessee and [has] acted arbitrarily and capriciously by failing to act upon the matter before it as required by law.

 T.C.A. § 57–3–208(a) requires as a condition precedent to the ABC's issuance of a liquor license that the applicant submit with his application to the ABC a certificate of compliance signed by the appropriate local governmental authorities. If the local authorities deny the applicant's certificate of compliance, T.C.A. § 57–3–208(d) provides that the applicant "may" seek review of such denial "by instituting an action in the chancery court having jurisdiction over the municipality or county within sixty (60) days of the denial."

Plaintiff insists that the word "may" contained in T.C.A. § 57–3–208(d) is permissive in nature and provides Plaintiff with alternative forums in which he may seek redress, i.e. either the Chancery Court of Sevier County or the ABC. Plaintiff further argues that the ABC, by its letter of January 8, 1991, assumed jurisdiction of the issues surrounding the City's denial of Plaintiff's application for a certificate of compliance.

While we agree with Plaintiff that use of the word "may" in a statute ordinarily connotes discretion or permission (*see Huey v. King*, 220 Tenn. 189, 415 S.W.2d 136 (1967); *Williams v. McMinn County*, 209 Tenn. 236, 352 S.W.2d 430 (1961)), we disagree with Plaintiff's conclusions regarding the legislature's use of the word "may" within T.C.A. § 57–3–208(d). By its terms, T.C.A. § 57–3–208(d) provides only one forum for the review of a municipality's denial of a certificate of compliance, the chancery court having jurisdiction over the denying municipality. While use of the word "may" within the statute certainly connotes a degree of discretion, we are convinced that this discretion refers to the applicant's decision to seek review of the municipality's denial of the certificate, and not discretion as to the forum in which the applicant seeks review.

Support for this interpretation is strengthened by the fact that, at one time, T.C.A. § 57–3–208 did provide for the ABC to conduct hearings upon the petition of an applicant who alleged he had been wrongfully refused a certificate of compliance by the proper certifying official.[1] The statute

1. As pertinent, T.C.A. § 57–3–208 provided that
In those cases where the applicant is unable to obtain such certificate from the proper certifying official, if the applicant shall file with the alcoholic beverage commission together with his application a petition in duplicate stating that he has made application to said certifying official for said certificate and same has been wrongfully, illegally or arbitrarily refused and otherwise setting forth reasons under this chapter why he is entitled to such license notwithstanding the refusal aforesaid; and wherein said refusal is wrongful, illegal or arbitrary, the alcoholic beverage commission shall hold a hearing to determine whether said license shall be issued. The

commission shall give the applicant and the certifying official ten (10) days' notice of the time and place of said hearing, to be served in the same manner and within the same time as other notices of hearings prescribed herein and shall, at the same time, furnish the certifying official with a copy of the applicant's petition. The hearing shall be held as are other hearings provided for under this chapter. The commission shall make such order granting or refusing said license as, in its discretion, the entire record at such hearing shall justify and such order shall be effective from its date.
T.C.A. § 57–3–208(b) (1980).

was subsequently amended, however, to provide for the present method of review of instituting an action in the chancery court having jurisdiction over the municipality. Plaintiff's reliance on cases decided prior to the statute's amendment is misplaced. *See, e.g., Metropolitan Government v. Shacklett,* 554 S.W.2d 601 (Tenn.1977); *City of Lakewood v. Tennessee Alcoholic Beverage Commission,* 219 Tenn. 510, 410 S.W.2d 897 (1967).

■ We next address Plaintiff's argument that, by its January 8, 1991, letter, the ABC undertook to assume jurisdiction over Plaintiff's dispute with the City and, thus, is now estopped from denying such jurisdiction. Initially, we note that the ABC, as an administrative agency, has only such powers as the legislature grants it by statute. If the ABC attempts to exercise powers beyond those authorized by statute, then any such action of the ABC is a nullity. *Madison Loan & Thrift Co. v. Neff,* 648 S.W.2d 655, 657 (Tenn.App.1982). Moreover, we note that the doctrine of estoppel cannot be asserted against the ABC. *V.F.W. Post 1970 v. Alcoholic Beverage Commission,* 712 S.W.2d 476, 478 (Tenn.App.1986).

■ Plaintiff insists that the ABC's January 8, 1991, letter met the requirements of T.C.A. § 4–5–320 and that the ABC thereby assumed jurisdiction of the dispute between Plaintiff and the City. T.C.A. § 4–5–320 provides, *inter alia,* that

> No revocation, suspension, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license.

T.C.A. § 4–5–320(c). Despite Plaintiff's insistence, we have concluded that T.C.A. § 4–5–320(c) merely prescribes the procedures to be followed when the ABC seeks to revoke a liquor license. The statute does not operate to confer jurisdiction or grant powers to the ABC beyond those authorized by the legislature.

■ Under T.C.A. § 57–3–213, the legislature has granted the ABC the power to decide whether to renew an applicant's liquor license after considering the application for renewal with all other evidence obtained by investigation or otherwise. T.C.A. § 57–3–213(c). In considering the application, the ABC must determine whether all license qualifications have been met, including the applicant's submission of a certificate of compliance as required by T.C.A. § 57–3–208. T.C.A. § 57–3–213(d). If the appropriate municipality or county refuses to provide the applicant with a certificate of compliance, however, T.C.A. § 57–3–208(d) gives the chancery court jurisdiction to review the municipality or county's denial of the certificate. This authority no longer rests with the ABC.

■ In order for Plaintiff to seek review of the City's denial of his application for a certificate of compliance, Plaintiff was required to institute an action in the Chancery Court for Sevier County within sixty (60) days of the denial. Because Plaintiff failed to seek review in the manner required by statute, Plaintiff was foreclosed from seeking review of the City's denial of the certificate in the chancery court or in any other forum, including the ABC. Without the required certificate of compliance, Plaintiff's application for renewal did not meet a condition precedent to the ABC's issuance of a liquor license. *See* T.C.A. §§ 57–3–208, 57–3–213. We hold, therefore, that the ABC did not act illegally, arbitrarily, or capriciously in refusing to renew Plaintiff's license. *See* T.C.A. § 4–5–322(h), *infra.*

■ Plaintiff also argues that the trial court erred by failing to follow the provisions of Tennessee's Uniform Administrative Procedures Act, T.C.A. § 4–5–101 *et seq.* Specifically, T.C.A. § 4–5–322 provides that

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced

because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in the light of the entire record.

In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

T.C.A. § 4–5–322(h). Apparently, Plaintiff is arguing that the trial court should have reviewed the actions of the City officials, which Plaintiff alleged were in violation of constitutional and statutory provisions, in excess of the City's statutory authority, and illegal, arbitrary, and capricious.

■ This issue is without merit. T.C.A. § 4–5–322 governs the court's review of decisions of state agencies, such as the ABC (*see Metropolitan Government v. Shacklett*, 554 S.W.2d 601 (Tenn.1977)), but does not apply to decisions of the Board of Commissioners of a municipality. *See* T.C.A. § 4–5–102(2) ('' 'Agency' means each *state* board, commission, committee, department, officer, or any other unit of state government authorized or required by any statute or constitutional provision to make rules or to determine contested cases'' (emphasis added)). Because the ABC was without authority to review a municipality's denial of a certificate of compliance, the trial court, in reviewing the decision of the ABC, likewise properly declined to review the actions of the Board of Commissioners of the City of Gatlinburg.

In view of this holding, any remaining issues are pretermitted. The judgment of the trial court is affirmed. Costs of this appeal are taxed to Plaintiff for which execution may issue if necessary.

TOMLIN, P.J., (W.S.), and CRAWFORD, J., concur.