Lisa DALEY, Petitioner/Appellant,

v.

The UNIVERSITY OF TENNESSEE AT MEMPHIS, Respondent/Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 18, 1994.

Permission to Appeal Denied by Supreme Court June 27, 1994.

David M. Sullivan, Memphis, for petitioner/appellant.

Beauchamp E. Brogan, Gen. Counsel, Odell Horton, Jr., Asst. Gen. Counsel, Memphis, for respondent/appellee.

## OPINION

CANTRELL, Judge.

The University of Tennessee at Memphis found the appellant, Pamela Lisa Daley, guilty of violating the school's honor code. As punishment, the school removed her credits in the classes involved and placed her on probation for one year. The Chancery Court of Davidson County affirmed the school's action. On appeal, Ms. Daley asserts that the agency did not follow the correct procedure in the hearing process and that the finding of guilt was not supported by substantial and material evidence. We affirm the lower court's order.

### I.

Ms. Daley was a first year student at the College of Pharmacy in Memphis where the student government had developed an honor code, later adopted by The University of Tennessee Board of Trustees. The honor code prohibited using, giving, or receiving any unauthorized aid during examinations. Among its other provisions the code made it a violation to fail to report a reasonable belief that another student had used, given or received unauthorized aid on an examination.

After the spring quarter of 1990, four students reported to the honor council that they had observed Ms. Daley, along with three other students, giving or receiving aid during examinations. On July 10, 1990, the president of the honor council notified Ms. Daley that she was charged with receiving or giving aid on four specific examinations during the examination period. Later, the charges were amended to include a fifth violation during the anatomy laboratory final examination on May 31, 1990.

After a hearing in July of 1991 before an administrative law judge, the parties were given forty-five days from the time the transcript of the hearing became available to file

proposed findings of fact and conclusions of law. The transcript was not available until ten and one-half months later. Ms. Daley filed her proposed findings of fact and conclusions of law on May 27, 1992. After obtaining an extension of time, the university filed its proposed findings and conclusions on June 23, 1992. On October 12, 1992, the administrative law judge issued an initial order finding Ms. Daley not guilty on three of the examinations and guilty on two others. He imposed punishment of one year probation and ordered that Ms. Daley lose credit for the two classes in which she violated the honor code.

After the initial order became final, Ms. Daley filed a petition for review in the Chancery Court of Davidson County. The chancellor affirmed the agency's action.

## II.

■ On appeal, Ms. Daley asserts that the administrative law judge violated Tenn.Code Ann. § 4–5–314(g) by not issuing his initial order within ninety days after the proposed findings of fact were submitted and that she was prejudiced by the delay.

In *Garrett v. State of Tennessee,* 717 S.W.2d 290 (Tenn.1986), the court held that the ninety day requirement in Tenn.Code Ann. § 4–5–314(g) was directory rather than mandatory and that the failure to meet the ninety day requirement would not automatically nullify the administrative law judge's decision. In that case the absence of any prejudice to the petitioner was an important factor.

We think this case demonstrates a similar lack of prejudice to Ms. Daley. She alleges that she lost the chance to retake the two courses because the university switched from the quarter to the the semester system in 1990 and combined the courses with other subjects. She also, however, acknowledges that she graduated in June of 1993. Thus, we fail to see how the administrative law judge's action in filing the initial order nineteen days after Ms. Daley insists it was due made any difference in her progress toward graduation.

We also note that the administrative law judge's initial order finds that the transcript was not filed with the agency until September 16, 1992. The reason for the delay in preparing the transcript and in filing it with the agency is not explained, but the fact that it was not filed until September stands unrefuted in the record. The initial order was filed on October 12, 1992, just twenty-six days after the transcript became available. We think the initial order complied with the statute which allows filings beyond the ninety day limit "for good cause shown." Tenn. Code Ann. § 4–5–314(g).

## III.

■ Ms. Daley also alleges that the charges against her did not comply with the procedural requirements of the honor code. Specifically, she alleges that the president of the honor council did not confer with the investigator to determine if probable cause existed for the issuance of the charges and that the charge letter was actually signed by the honor council faculty advisor.[1] We do not find that the honor code requires the president of the honor council to confer with the investigator. The code only requires that the investigator and the president come to the same conclusion that there is probable cause to issue the charges.

■ While the action of the faculty advisor in signing the notice of charges is not in strict compliance with the honor code, where the president of the honor council concurs in and ratifies the action, it is only a technicali-

---

1. Article IV(D) of the honor code provides:
    The President of the Honor Council shall appoint a Council member to investigate each alleged violation of the Honor Code. The investigator shall review the facts attendant to an alleged violation and, where the investigator finds probable cause to believe that a violation has been committed, request issuance of a Notice of Charge by the President. The President upon agreement with the investigator that a hearing is warranted, will issue a Notice of Charge to the accused in accordance with the provisions of the UT Memphis Honor Council Hearing Procedure. The investigator shall further be responsible for prosecuting charge(s) before the Honor Council if the accused requests a hearing. A Council member shall not vote in any proceedings for which the member served as the investigator.

ty. The Administrative Procedures Act provides that "no agency decision pursuant to a hearing in a contested case shall be reversed, remanded or modified by the reviewing court unless for errors which affect the merits of such decision." Tenn.Code Ann. § 4–5–322(i). None of the alleged errors affected the merits of this case.

### IV.

Ms. Daley also alleges that the administrative law judge's decision was not supported by substantial and material evidence in the record. Tenn.Code Ann. § 4–5–322(h). We disagree.

█ Substantial and material evidence is "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Southern Railway Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn.1984). The administrative law judge made the following findings of fact with respect to the two violations:

6. The final exam for Pharmaceutical Technology II was given on May 25, 1990, in a large lecture room with stationary tables and chairs. The students sat with one empty chair between them. The Respondent sat next to the aisle, and Mr. [sic] Cripps sat to her left.

7. A student who had turned in her paper and was walking up the aisle where the Respondent and Ms. Cripps were sitting saw them looking at each other's papers.

8. During one part of the Anatomy laboratory final exam given on May 31, 1990, the lights were turned down so that slides could be shown on the wall. The Respondent, Ms. Cripps and two other students were sitting together at one table.

9. While the lights were turned down and the slides being prepared, a student sitting behind the group saw them all looking on each others papers. He said they "had their papers out, kind of looking on each others' papers, and going down the paper kind of spot checking." When asked to explain what he meant by "spot check-

ing", he said that "their fingers were, you know, skimming down their paper and the would look over, you know, kind of, and lean towards someone else and look at their paper."

█ The finding with respect to the Pharmaceutical Technology II examination was based on the testimony from a student who observed Ms. Daley and Ms. Cripps each looking at the other's paper.

The finding with respect to the Anatomy laboratory examination was based on the testimony of a student who sat at a table behind the four students involved and observed them looking at each other's papers and checking their own answers.

Even taking into account all matters in the evidence which detract from the weight of the evidence, Tenn.Code Ann. § 4–5–322(h), the findings of the administrative law judge and the chancellor are supported by substantial and material evidence.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for the collection of costs in the court below and any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

LEWIS and KOCH, JJ., concur.