IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

FILED

Jan. 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

**STATE OF TENNESSEE,**

     Appellee,

                                     Shelby Circuit No. 71235 T.D.

Vs.                                   C.A. No. 02A01-9607-CV-00152

**JOHN GUINN,**

     Appellant.

FROM THE CIRCUIT COURT OF SHELBY COUNTY
THE HONORABLE D'ARMY BAILEY, JUDGE

W. Mark Ward, Assistant Shelby County Public Defender
For Appellant

Charles W. Burson, Attorney General and Reporter
Ellen H. Pollack, Assistant Attorney General
For Appellee

*AFFIRMED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

This is a juvenile delinquency proceeding. Defendant, John Guinn, appeals from the order of the Circuit Court of Shelby County on a jury verdict finding defendant guilty of committing the delinquent act of attempt to commit murder in the second degree.

On May 12, 1995, a petition was filed in Juvenile Court for Shelby County, Tennessee, charging the defendant with the delinquent act of attempt to commit murder in the first degree. After an evidentiary hearing in juvenile court, defendant was found to have committed the delinquent act and was committed to the Tennessee Department of Youth Development for an indefinite period of time. Defendant appealed to the circuit court for a trial de novo, and the record was certified to the circuit court on July 18, 1995. On July 19, 1995, defendant filed a motion in the circuit court to stay the judgment of the juvenile court and to set bond. This motion was granted, and defendant was released from custody pending the trial of the case. Defendant demanded a jury, and the case was set for trial on December 6, 1995. At the conclusion of the trial on December 12, 1995, the jury returned a verdict finding that defendant had committed the delinquent act of attempted second degree murder. The court subsequently entered an order on the jury verdict, and the defendant has appealed.

Defendant's brief states the issues for review as:

> 1. Whether the trial judge erred in failing to dismiss the petition against the appellant on the grounds that the court failed to conduct the appeal hearing within 45 days as required by Tenn. Code Ann. § 37-1-159.

> 2. Whether the petition should be dismissed as the jury failed to return a verdict finding that appellant committed a delinquent act.

As to defendant's first issue, defendant asserts that the trial court erred in not granting his pre-trial motion to dismiss the case with prejudice because the circuit court hearing was not held within the time prescribed by statute.

T.C.A. § 37-1-159 (1996) provides in part pertinent to this appeal:

> **37-1-159. Appeals**. - (a) The juvenile court shall be a court of record and any appeal from any final order or judgment in a delinquency proceeding, unruly child proceeding, or dependent and neglect proceeding, filed under this chapter, except a proceeding pursuant to § 37-1-134, may be made to the circuit court which shall hear the testimony of witnesses and try the case de novo. The appeal shall be perfected within ten (10) days, excluding nonjudicial days, following the juvenile court's disposition. If a rehearing of a matter heard by a referee is not requested or provided pursuant to § 37-1-107(e), the date of the expiration of the time within which to request rehearing shall be the date of disposition for appeal purposes, and the parties and their attorneys shall be so notified by the referee. If there is a rehearing by the judge, the appeal period shall commence the day after the order of disposition is entered.

(b) An appeal does not suspend the order of the juvenile court, nor does it release the child from the custody of that court or of that person, institution or agency to whose care the child has been committed. Pending the hearing, the circuit court may make the same temporary disposition of the child as is vested in juvenile courts; provided, that until the circuit court has entered an order for temporary disposition, the order of the juvenile court shall remain in effect.

(c) When an appeal has been perfected, the juvenile court shall cause the entire record in the case, including the juvenile court's findings and written reports from probation officers, professional court employees or professional consultants, to be taken forthwith to the circuit court whose duty it is, either in term or in vacation, to set the case for an early hearing. When an appeal is taken from a juvenile court's decision that involves removal of a child or children from the custody of their natural and/or legal parents or guardian or from the department of children's services, or when the decision appealed involves the deprivation of a child's liberty as the result of a finding that such child engaged in criminal activity, such hearing shall be held within forty-five (45) days of receipt of the findings and reports. In its order, the circuit court shall remand the case to the juvenile court for enforcement of the judgment rendered by the circuit court. Appeals from an order of the circuit court pursuant to this subsection may be carried to the court of appeals as provided by law.

As previously noted, the juvenile court record was certified to the circuit court on July 18, 1995, and the trial of this case was commenced on December 6, 1995. In the meantime, defendant had obtained a stay of the juvenile court judgment and was released from custody on bond pending the trial. Defendant asserts that the circuit court is required to dismiss the case because the case was not commenced within the 45 day period set out in T.C.A. § 37-1-159(c). We must respectfully disagree.

It is a general rule that statutory provisions which relate to mode or time of doing an act to which the statute applies are not held to be mandatory, but are held to be directory only, especially when there is no showing of prejudice to the one seeking to invoke the time limit. *Big Fork Mining Co. v. Tennessee Water Quality Control Bd.,* 620 S.W.2d 515, 520 (Tenn. App. 1981). In *Garrett v. State of Tennessee Dept. of Safety*, 717 S.W.2d 290 (Tenn. 1986), a truck owner appealed the decision of the Department of Safety permitting forfeiture of his truck with an altered vehicle identification number. The administrative law judge, after conducting a hearing on the case, failed to comply with the provisions of T.C.A. § 4-5-314 (g) (1985) requiring that a decision be rendered in writing within 90 days after conclusion of the hearing.

3

Our Supreme Court, after noting that forfeiture statutes are strictly construed because forfeitures are not favored in the law and that because the proceedings are quasi criminal the presumption of innocence must be considered, said:

> Although we are in agreement with the general rules stated above, we will not construe any statute, including a confiscation statute, so strictly that we negate the intentions of the legislators who passed the law. Although the legislative intent behind the ninety day requirement in T.C.A. § 4-5-314(g), is not clear, the general rule in this state is that statutory provision relating to the time of doing an act to which statute applies are directory rather than mandatory. *See Trapp v. McCormick*, 175 Tenn. 1, 130 S.W.2d 122, 125 (1939); *Big Fork Mining Co. v. Tennessee Water Quality Control Board*, 620 S.W.2d 515, 520 (Tenn. App. 1982), *cert. denied* (Tenn. 1981). This is especially true absent some showing of prejudice. *Id.* Thus, in cases like the present one where no prejudice has been shown, we can infer that the legislature intended for the ninety day provision to be directory in nature. Since the statue is directory rather than mandatory, violation of the ninety day rule does not nullify the forfeiture hearing or order.

*Garrett*, 717 S.W.2d at 291.

In the case before us, the 45 day period relates only to the time for the hearing and does not relate to the merits of the case. Defendant was duly released from custody after the appeal was filed, and there has been no showing of any prejudice to the defendant by the failure to conduct the trial within the 45 day period. This Court, like our Supreme Court in *Garrett*, can infer that the legislature intended the 45 day provision to be directory in nature. This issue is without merit.

In defendant's second issue, he asserts that he could not have committed a delinquent act of attempted second degree murder because there is no criminal offense of attempted second decree murder in this state. We must respectfully disagree.

T.C.A. § 39-12-101 (1991) provides:

> **39-12-101. Criminal attempt.** - (a) A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:
> (1) Intentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be;
>
> (2) Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or

4

(3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

(b) Conduct does not constitute a substantial step under subdivision (a)(3) unless the persons' entire course of action is corroborative of the intent to commit the offense.

(c) It is no defense to prosecution for criminal attempt that the offense attempted was actually committed.

Defendant contends that since second degree murder is "a knowing killing of another" T.C.A. § 39-13-210 (a)(1) (1991), an attempt to commit second degree murder would involve the "specific intent" to commit "a knowing act." We do not disagree that that could be the result, but it is clear that in second degree murder, the murder is the intended result of the perpetrator's act. If the perpetrator actually possesses an intent to kill, he or she may be charged with attempted murder. *See State v. Kimbrough*, 924 S.W.2d 888, 892 (Tenn. 1996).

Once a homicide or attempted homicide it established, it is presumed to be the offense of murder in the second degree or an attempt to commit murder in the second degree, and to elevate the offense to first degree murder or an attempt thereof, the state must prove the elements of premeditation and deliberation. *State v. Boyd*, 909 S.W.2d 50, 53 (Tenn. Crim. App. 1995). In *Boyd*, the Court of Criminal Appeals held that the evidence was insufficient to support a conviction for attempted first degree murder but was sufficient to support a conviction for attempted second degree murder. Accordingly, the judgment of the trial court was modified, and the case was remanded for new sentencing. *Id*. at 55.

We find both of appellant's issues without merit. The judgment of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**