IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 20, 2005 Session

## KARDOUSH, LLC, d/b/a CAESAR'S WINE AND LIQUOR, ET AL. v. CITY OF MEMPHIS ALCOHOL COMMISSION

Direct Appeal from the Chancery Court for Shelby County
No. CH-04-2376-3      D.J. Alissandratos, Chancellor

No. W2005-00104-COA-R3-CV - Filed November 9, 2005

The Memphis Alcohol Commission denied Plaintiffs/Appellees' Kardoush's application for a certificate of compliance over 80 days after the application was filed, and Kardoush appealed to the chancery court. The trial court determined that, under Tennessee Code Annotated 57-3-208(e), the Memphis Alcohol Commission would have been deemed to have granted the application where the Commission had failed to either grant or deny the application within 60 days of submission. Thus, under Tennessee Code Annotated § 57-3-208(f), Kardoush was not required to submit a certificate of compliance with its application to the Tennessee Alcohol and Beverage Commission. We affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

J. Michael Fletcher, Memphis, Tennessee, for the Appellant, City of Memphis Alcohol Commission.

David Wade and J. Lewis Wardlaw, Memphis, Tennessee, for the appellees, Kardoush, LLC d/b/a Caesar's Wine and Liquor, Charles N. Kardoush and Michael I. Kardoush.

### OPINION

This appeal arises from Plaintiffs/Appellees' Kardoush, LLC, d/b/a Caesar's Wine and Liquor, Charles N. Kardoush, and Michael I. Kardoush (collectively, "Kardoush") 2004 application for a certificate of compliance from the City of Memphis Alcohol Commission ("the Commission") as required by Tennessee Code Annotated § 57-3-208. On or about July 12, 2004, Kardoush submitted an application to the Commission for a certificate of compliance to be submitted with its application to the Tennessee Alcoholic Beverage Commission for a license for the retail sale of alcohol. An existing retail liquor store contested the application. The Commission held a hearing on October 6, 2004, over eighty days after Kardoush filed its application. The only issue before the Commission was whether the retail site proposed by Kardoush was within 1,500 feet of an existing

retail store in violation of the Code of Ordinances. The determinative factor was the method of measuring the distance between the two sites under § 4-5(a) of the Code of Ordinances. The Commission denied the application on the basis that the proposed retail site was within 1,500 feet of an existing retail liquor store.

Pursuant to Tennessee Code Annotated § 57-3-208(d), Kardoush petitioned for a writ of certiorari in the Shelby County Chancery Court. In its petition, Kardoush contended that the Commission had improperly measured the distance between the two retail sites in violation of the Code of Ordinances. In its brief to the chancery court and at the hearing held by the court in December 2004, Kardoush further asserted that, under Tennessee Code Annotated § 57-3-208(e), the Commission was without authority to act upon its application where more than sixty days had elapsed from the time Kardoush filed its application to the date of the hearing before the Commission on October 6, 2004.

The trial court determined that, under Tennessee Code Annotated § 57-3-208(e) and (f), Kardoush's application was deemed granted when the Commission had failed to either grant or deny it within sixty days. The chancery court accordingly entered judgment for Kardoush, and the Commission filed a timely notice of appeal to this Court. We affirm.

### *Issue Presented*

The Commission presents the following issue, as we slightly restate it, for our review: Whether the chancery court erred in entering judgment for Kardoush upon determining that the Commission was deemed to have granted Kardoush's application for a certificate of compliance when the Commission failed to act on Kardoush's application within sixty days as required by Tennessee Code Annotated 57-3-208(e), notwithstanding the Commission's denial of the application after the statutory period.

### *Standard of Review*

Decisions of a local governmental board acting in an administrative or quasi-judicial capacity are reviewed under a common law writ of certiorari under an abuse of discretion standard. *McCallen v. Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990). Appellate review under a common law writ is confined to whether the board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily, capriciously or fraudulently. *Id.* However, the construction of a statute is a question of law which is subject to *de novo* review without a presumption of correctness. *Hill v. City of Germantown*, 31 S.W.3d 234, 237 (Tenn. 2000).

### *Analysis*

The trial court determined that the Commission lacked subject matter jurisdiction to act on Kardoush's application after the sixty-day period prescribed in Tennessee Code Annotated § 57-3-208(e) had passed. The Commission asserts the trial court erred in this determination; that Kardoush

was prohibited from raising the issue in the chancery court where it had not raised it with the Commission; and that Kardoush waived its right to apply for a license without the certificate of compliance under Tennessee Code Annotated § 75-2-208(f) by proceeding with the hearing before the Commission. We disagree.

We first address the issue of whether Kardoush was prohibited from raising the question of whether the Commission lacked authority to hear the matter after sixty days where the issue was not raised at the hearing before the Commission. The trial court addressed this question within the context of jurisdiction or the scope of the Commission's authority. As noted above, the question of whether the Commission acted beyond the scope of its authority is properly before the reviewing court under a common law writ of certiorari.

We next turn to whether the trial court erred in its determination that the Commission lost the authority to act on Kardoush's application after the sixty-day period prescribed by Tennessee Code Annotated § 57-3-208(e) had passed. This Court previously has considered whether a local commission acting within the sixty-day statutory period wrongfully denied an application for a certificate of compliance. *See, e.g., Johnson v. Alcoholic Beverage Comm'n*, 844 S.W.2d 182 (Tenn. Ct. App.1992). The issue presented in this case, however, is one of first impression requiring us to construe the jurisdictional provisions of § 57-3-208(e).

When interpreting a statute, the court is to "ascertain and give effect to the legislative intent without unduly restricting or expanding the statute's coverage beyond its intended scope." *Hathaway v. First Family Fin. Services, Inc.*, 1 S.W.3d 634, 640 (Tenn.1999)(citations omitted). We must ascertain the intent of the legislature from the natural and ordinary meaning of the statutory language and in context of the entire statute, without forcing a construction that would limit or expand its scope. *JJ & TK Corp. v. Bd. of Comm'rs*, 149 S.W.3d 628, 630-31 (Tenn. Ct. App. 2004)(citations omitted).

Tennessee Code Annotated § 57-3-208 provides, in pertinent part:

(e) A failure on the part of the issuing authority to grant or deny the certificate within sixty (60) days of the written application for such *shall* be deemed a granting of the certificate.
(f) The requirement imposed by this section to submit a certificate shall not be applicable to any applicant if:
(1) The authority of the county or municipality charged with the responsibility to issue the certificate required herein shall have failed to grant or deny the certificate within sixty (60) days after written application for such certificate is filed; or
(2) The applicant submits a final order of a court holding that the denial of the required certificate was unreasonable, as established by subsections (c) and (d).

Tennessee Code Annotated § 57-3-208(e)(f)(2002)(emphasis added).

When a statute uses the word "shall," it is generally construed as being mandatory as opposed to discretionary. *JJ & TK Corp.*, 149 S.W.3d at 631. On the other hand, statutory provisions concerning the time frame in which an act must be done ordinarily are considered to be directory rather than mandatory. *Garrett v. State*, 717 S.W.2d 290, 291 (Tenn. 1986). The question raised in this case, therefore, is whether the word "shall" as used in § 57-3-208(e) simply directs the Commission to consider the matter within sixty days or effectuates the loss of the Commission's authority to act on an application after the sixty days have passed.

In *Garrett*, the Tennessee Supreme Court considered the use of "shall" in Tennessee Code Annotated § 4-5-314(g)(1985) within the context of the forfeiture of property to the state. This section provided:

> A final order rendered pursuant to subsection (a) or initial order rendered pursuant to subsection (b) shall be rendered in writing within ninety (90) days after conclusion of the hearing or after submission of proposed findings in accordance with subsection (f) unless such period is waived or extended with the written consent of all parties or for good cause shown.

*Garrett*, 717 S.W.2d at 291. Although the administrative law judge failed to render an initial order upholding the forfeiture of property until 112 days after the hearing, the *Garrett* court held that the word "shall" in the statute was directory and that the administrative law judge's error was harmless. *Id.* In so holding, the *Garrett* court noted that the legislative intent behind the ninety-day limit in § 4-5-314 was not clear. *Id.*

We note, moreover, that although § 4-5-314(g) utilized "shall," unlike § 57-3-208(e), § 4-5-314(g) prescribed no consequence if the court failed to adhere to the ninety-day period. It simply directed the court to act within ninety days. Section 57-3-208(e), however, provides that if the Commission fails to act within the sixty-day prescribed limit, the application shall be deemed to have been granted. This section is not so much directory as consequential. It does not direct the Commission to act within sixty days without consequence, but provides that if the Commission does not act it will be considered by the reviewing body to have granted the certificate. With regard to the Commission's authority to act on an application, it is a "use it (within sixty days) or lose it" provision. Additionally, § 57-3-208(f) provides a remedy to the applicant whose application has not been acted upon by the Commission within the sixty-day period. Under subsection (f), an applicant is relieved of the requirement of including a certificate of compliance with his § 57-3-204 application to the state for the retail sale of alcohol when the Commission has failed to act after sixty days.

Reading subsections (e) and (f) of § 57-3-208 together, the consequences of the Commission's failure to act on an application within sixty days are that the application is deemed granted, and the applicant may submit his § 57-3-204 application on the sixty-first day. The legislature's intent here seems clear. The Commission may not extend the time between the filing of an application and the Commission's action for an indefinite period of time, thereby effectively

denying the application without reviewable grounds. If the Commission does not act within sixty days, it loses the authority to do so.

In the present case, the Commission acted beyond the scope of its authority, and its order is, therefore, a nullity. Because this question relates to the authority of the Commission to act beyond the sixty day period, the Commission's contention that Kardoush waived the remedy provided by § 57-3-208(f) is without merit.

### *Holding*

We affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, City of Memphis Alcohol Commission, and its surety, for which execution may issue if necessary.

                                            _____

                                            DAVID R. FARMER, JUDGE